**SALINAS COOLING COMPANY,**
Plaintiff-Appellant,

v.

**FRESH FRUIT AND VEGETABLE WORKERS, LOCAL P–78–A, et al., Defendants-Appellees.**

C.A. No. 83–2596.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 1984.

Decided Sept. 25, 1984.

Wayne B. Hersh, Patricia Zugibe, Hersh & Stoll, Newport Beach, Cal., for plaintiff-appellant.

Byron S. Georgiou, Georgiou & Tosdal, San Diego, Cal., for defendants-appellees.

Before DUNIWAY, CANBY, and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

## FACTS

On September 21, 1982, members of the General Teamsters, Warehousemen and Helpers Union, Local 890 ("Teamsters"), commenced a strike against the J.R. Norton Company. Pursuant to the strike, the Teamsters established a secondary picket line at the premises of plaintiff-appellant, Salinas Cooling Company ("Salinas"). The defendants-appellees, Fresh Fruit and Vegetable Workers Union, Local P–78–A ("Local 78–A") and United Food and Commercial Workers Union, AFL–CIO, CLC ("UFCW"), honored the secondary picket line by engaging in a sympathy strike.

At the time of the strike, Salinas had a collective bargaining agreement with both defendants. On November 12, 1982, Salinas filed the present action in state court, contending that Local 78–A and UFCW, as well as two of its members, had forced appellant's employees to honor the picket line by force, violence and threats contrary to the terms of the collective bargaining agreement.

The action was removed to district court and Local 78–A and UFCW moved to dismiss the action. Although the district court denied the motion, it granted a subsequent motion to dismiss as to the individual defendants. Moreover, the court sua sponte stayed the action to permit the arbitrator to determine whether the disputes in question were arbitrable under the collective bargaining agreement.

## ANALYSIS

### I. Jurisdiction

Appellant contends that the district court's order staying the judicial proceedings pending a determination by the arbitrator of the arbitrability of the labor disputes is appealable pursuant to 28 U.S.C. § 1292(a)(1). We agree.

Under section 1292(a)(1), this court has jurisdiction over appeals from "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions...." An interlocutory stay order is reviewable under this section in the court of appeals, if two requirements are met: "(a) The action in which the motion for a stay was made could have been maintained as an action at law before the merger of law and equity, and (b) the stay was sought to permit prior determination of an equitable defense or counterclaim." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1462 (9th Cir.1983) (quoting *Danford v. Schwabacher*, 488 F.2d 454 (9th Cir.1973)).

The instant case satisfies both prongs of the test. The first prong is met because appellant's action is one at law. Salinas's claims are predominantly for breach of con-

tract, conspiracy to induce breach of contract and interference with contractual relations. Such claims are actions at law. *Id.; Wren v. Sletten Constr. Co.,* 654 F.2d 529, 533 (9th Cir.1981) (per curiam). Moreover, Salinas seeks no equitable relief, only money damages. *See Alascom, Inc. v. ITT North Elec.,* 727 F.2d 1419, 1421 (9th Cir. 1984) (first prong held satisfied where claims for money damages).

The second prong of the test is also satisfied. Appellees have invoked the collective bargaining agreement, contending that it requires Salinas to submit its grievances to arbitration. "[R]eliance upon an arbitration agreement to avoid immediate litigation is an equitable defense." 708 F.2d at 1462. *See also Shanferoke Coal & Supply Corp. v. Westchester Service Corp.,* 293 U.S. 449, 452, 55 S.Ct. 313, 314, 79 L.Ed. 583 (1935) ("the special defense setting up the arbitration agreement is an equitable defense....").

The court therefore has jurisdiction to hear the arbitrability issue pursuant to section 1292(a)(1). It also has jurisdiction to review the dismissal of the claims against the individual defendants, as that issue has been certified to the court by the trial judge pursuant to 28 U.S.C. § 1292(b).

## II. *Arbitrability*

Article IX, clause 4 of the collective bargaining agreement at issue provides in relevant part:

A strike or lockout during the term of this Agreement shall be deemed a breach thereof and either party may seek such legal relief as may be available to it *without first invoking the grievance or arbitration procedure* herein set forth. (emphasis added).

Salinas maintains that the language of this clause unambiguously demonstrates the parties' intention to exclude disputes arising out of the no-strike clause from the bargaining agreement's grievance and arbitration provisions. It further contends that even assuming the clause is ambiguous, the court, not the arbitrator, must decide whether the parties intended to be contrac-

tually bound to arbitrate in a strike situation.

Appellees argue that Article IX, clause 3 of the contract clearly calls for arbitration of all disputes, and that the purpose of clause 4 is to protect the rights of the parties to seek injunctive relief pending arbitration. They further maintain that the district court properly ordered arbitration, because grievances arising from strike situations have not specifically been excluded from the bargaining agreement. The district court held that the contract clause is ambiguous and that the question of arbitrability ought to be decided by an arbitrator.

"It is a settled principle of labor law that 'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *George Day Constr. Co. v. United Brotherhood of Carpenters and Joiners of America, Local 354,* 722 F.2d 1471, 1474 (9th Cir.1984) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960)). Although the parties to a collective bargaining agreement can agree to submit the question of arbitrability to an arbitrator, *see, e.g., George Day Constr. Co.,* 722 F.2d at 1474-75; *California Trucking Ass'n v. Brotherhood of Teamsters & Autotruck Drivers, Local 70,* 679 F.2d 1275, 1281 n. 5 (9th Cir.), *cert. denied,* 459 U.S. 970, 103 S.Ct. 299, 74 L.Ed.2d 281 (1982), they did not do so in the case at bar. Absent such an agreement, the question whether a dispute is subject to arbitration is for the court to decide. *See id.; Alpha Beta Co. v. Retail Store Employees Union,* 671 F.2d 1247, 1250 (9th Cir.1982); *Leyva v. Certified Grocers of California, Ltd.,* 593 F.2d 857, 861 (9th Cir.), *cert. denied,* 444 U.S. 827, 100 S.Ct. 51, 62 L.Ed.2d 34 (1979).

Appellees argue, however, that there is a strong policy favoring arbitration of labor disputes and that doubts are resolved in favor of coverage. Although this is true, *see, e.g., Leyva,* 593 F.2d at 861, it does not relieve the district court of its duty to make the arbitrability determina-

tion. *See International Union of Operating Eng'rs v. Flair Builders, Inc.*, 406 U.S. 487, 491, 92 S.Ct. 1710, 1713, 32 L.Ed.2d 248 (1972) ("nothing we say here diminishes the responsibility of a court to determine whether a union and employer have agreed to arbitration."); *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 547, 84 S.Ct. 909, 913, 11 L.Ed.2d 898 (1964) ("a compulsory submission to arbitration cannot precede judicial determination that the . . . agreement does in fact create such a duty."). A hearing in the trial court is required to resolve the ambiguities in the disputed clause of the collective bargaining agreement. *See Laborers Health and Welfare Trust Fund for Northern California v. Kaufman & Broad of Northern California, Inc.,* 707 F.2d 412, 418 (9th Cir.1983).

### III. *Dismissal of the Individual Defendants*

The district court dismissed the claims against the individual union members, because those claims arose out of the breach of contract and are therefore preempted by section 301 of the Taft Hartley Act, 29 U.S.C. § 185. Section 185 provides in pertinent part:

(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court. . . .

(b) Any labor organization . . . and any employer whose activities affect commerce . . . shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents . . . *Any money judgment against a labor organization in a district court . . . shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.* (emphasis added).

The provision in section 185(b), prohibiting the entry of money judgments against individual union members for breach of a bargaining contract, was promulgated to

" 'prevent a repetition of the Danbury Hatters case, in which many [individual union] members lost their homes . . .' " *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 248, 82 S.Ct. 1318, 1325, 8 L.Ed.2d 462 (1962) (citations omitted). Salinas contends, however, that its trespass claim is a separate state court action, which is not preempted by section 185(b).

In dismissing the action against the individual defendants, the court below held that Salinas's claims are federal claims "dressed up in state law clothes." The court further noted that the allegations of the complaint, including the trespass action, arise out of the breach of contract, which is a section 185(b) claim and that "the fact there may have incidentally been some tortious conduct doesn't alter the nature of the action. . . ."

■ The district court properly dismissed the. claims against the individual union members. The Supreme Court has made clear that the policy that the union should be the sole source of recovery "cannot be evaded or truncated by the simple device of suing union agents or members, *whether in contract or tort* . . . in a separate count . . . for damages for violation of a collective bargaining contract. . . ." 370 U.S. at 249 (emphasis added).

Permitting Salinas to proceed against the union members would be an evasion of the policy behind section 185(b). A reading of the trespass claim, in the context of the entire complaint, demonstrates that the acts complained of in the trespass count arise out of the alleged breach of the collective bargaining agreement. The trespass claim also incorporates by reference the very acts, which are alleged to be in violation of the collective bargaining agreement.

The Supreme Court has given section 185(b) an expansive reading and has held that individual union members are insulated from damages liability "whether or not their union participated in or authorized the strike." *Complete Auto Transit, Inc. v. Reis,* 451 U.S. 401, 417, 101 S.Ct. 1836, 1845, 68 L.Ed.2d 248 (1981). In the case at bar, of course, the UFCW sanctioned the sympathy strike.

Salinas also contends that section 185(b) is not controlling, because the individual defendants' acts fall within the exception to the preemption doctrine set out in *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). In *Garmon* the Supreme Court recognized that state courts have jurisdiction in the labor context to grant compensation for the consequences of tortious conduct marked by violence and threats of violence. *Id.* at 247–48, 79 S.Ct. at 780–81. The *Garmon* preemption doctrine is not, however, applicable in a section 185(b) suit. *Atkinson,* 370 U.S. at 245 n. 5, 82 S.Ct. at 1323 n. 5.

The dismissal of the claims against the individual defendants is AFFIRMED. The present action is REMANDED to the district court with directions to lift the stay of the judicial proceedings and to make an arbitrability determination.[1]

---

**1.** Salinas has filed Requests for Judicial Notice. The material in question was not presented to the district court and does not impact on the issues before us. The motion is therefore denied.