939 F.2d 790
 138 L.R.R.M. (BNA) 2095, 138 L.R.R.M. (BNA) 2424,
119 Lab.Cas. P 10,853,
6 Indiv.Empl.Rts.Cas. 1355
 CALIFORNIA ELECTRIC COMPANY, a California Corporation,
Plaintiff-Appellant,
v.
Patrick BRILEY; Manuel Cadena; John Dion; Leland Knisley;
Jose Munoz; Robert Paz; Raymond Taber; John
Whelpley, and Does 1 through 50,
Defendants-Appellees.
 No. 88-15365.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 14, 1991.
Decided July 25, 1991.
As Amended Sept. 18, 1991.
 
 Robert K. Carrol, Littler, Mendelson, Fastiff and Tichy, San Francisco, Cal., Eric A. Grover, for plaintiff-appellant.
 Robert E. Jesinger, Wylie, McBride, Jesinger & Sure, San Jose, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before TANG, BOOCHEVER and NOONAN, Circuit Judges.
 TANG, Circuit Judge:
 
 
 1
 California Electric Company sued several of its former union employees for state law tort claims arising from the employees' voluntarily quitting employment. The district court dismissed the claims as preempted under federal labor law. We affirm.
 
 FACTUAL BACKGROUND
 
 2
 The parties stipulated to the following facts before the district court.
 
 
 3
 From approximately 1950 till October 1986, California Electric provided electrical contracting services to Basic American Foods, Inc. ("Basic") at various Basic facilities. On October 9, 1986, California Electric was performing services for Basic under a "time and materials" contract at Basic's King City, California facility.
 
 
 4
 On that day, California Electric employed defendant-appellees Patrick Briley, Manual Cadena, John Dion, Leland Knisley, Jose Munoz, Robert Paz, Raymond Taber, and John Whelpley (hereafter, the "employees") at Basic's King City facility. Each of the employees was a member of Local Union 234 of the International Brotherhood of Electrical Workers (the "Union"). The Union and California Electric had entered into a collective bargaining agreement.
 
 
 5
 The employees' usual working hours at Basic's King City facility were 8:00 a.m. to 4:30 p.m. On October 9, 1986, at approximately 9:30 a.m., all of the named employees quit their employment with California Electric by walking off their assigned job sites at Basic. Each employee quit his employment for purely personal reasons. None of the employees intended his quitting to be part of "concerted activities" as section 7 of the National Labor Relations Act ("NLRA"), 29 U.S.C. Sec. 157, defines that term. None of the employees quit because of any belief that he labored under abnormally dangerous working conditions.
 
 
 6
 None of the employees gave California Electric any advance notice of his intent to quit employment. Except for Patrick Briley, none of the employees notified California Electric that he was quitting when leaving the assigned job site. None of the employees considered what effect his quitting at 9:30 a.m. without notice would have on California Electric's contractual relationship with Basic. None of the employees sought to prevent an interruption in California Electric's services to Basic caused by his sudden quitting.
 
 
 7
 The employees' failure to notify California Electric before quitting deprived California Electric of any opportunity to avoid the resulting interruption in services to Basic. As a direct result of the employees' walk-off on October 9, 1986, California Electric was unable to continue performing contract services for Basic. Consequently, Basic terminated its contract with California Electric for service at Basic's King City facility.
 
 PROCEDURAL BACKGROUND
 
 8
 Following the employees' walk-off on October 9, 1986, California Electric filed breach of contract grievances against the Union and the employees. California Electric alleged in these grievances that the Union and the employees had violated the "no-strike clause" of California Electric's collective bargaining agreement with the Union. As of 1988, these grievances were still pending.
 
 
 9
 California Electric did not file any unfair labor practice complaints with the National Labor Relations Board. Instead, on February 12, 1987, California Electric filed a complaint for damages in federal court pursuant to section 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 187(b). The complaint named the Union local and its parent organization as defendants. In the complaint, California Electric alleged that it suffered damages as a result of the employees' walk-off. On May 28, 1987, the district court dismissed without prejudice the claims against the parent of the Union local.
 
 
 10
 Subsequently, on July 31, 1987, California Electric filed a complaint against the eight individual employees in Monterey County Superior Court, California. In its complaint against the employees, California Electric alleged four state tort claims: (1) intentional interference with an economic relationship; (2) negligent interference with a contractual relationship; (3) negligence; and (4) conspiracy. California Electric claimed that, because all four torts were done willfully and with malice, it was entitled to punitive damages from each employee.
 
 
 11
 Defendant employee Raymond Taber removed the action to federal district court on August 24, 1987. Taber claimed that California Electric's action was actually for alleged violations of a collective bargaining agreement. The complaint, Taber argued, thus presented a federal question justifying removal pursuant to 28 U.S.C. Sec. 1441(b).
 
 
 12
 On January 21, 1988, the eight employees named as defendants moved the district court to dismiss the complaint against them. The employees argued that, under Federal Rule of Civil Procedure 12(b)(6), California Electric had failed to state a claim upon which relief could be granted. On April 8, 1988, the district court granted the motion and dismissed California Electric's complaint against the employees with prejudice. California Electric timely appeals the judgment.
 
 STANDARD OF REVIEW
 
 13
 We review de novo dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Because the parties stipulated to the facts, this appeal involves only issues of law.
 
 DISCUSSION
 I. Federal Preemption
 
 14
 Section 301 of the LMRA, 29 U.S.C. Sec. 185, preempts any state law cause of action which is "intertwined with" or depends "substantially" upon consideration of the terms of a collective bargaining agreement. Paige v. Henry J. Kaiser Co., 826 F.2d 857, 863 (9th Cir.1987), cert. denied, 486 U.S. 1054, 108 S.Ct. 2819, 100 L.Ed.2d 921 (1988). "The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of a collective bargaining agreement." Id. at 861. State law claims in the employment context thus are viable only if the alleged state law rights and duties exist independently of the collective bargaining agreement. Id. at 863 (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 212, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985)). In sum, the "relevant analysis" is whether California Electric's state law claims assert " 'nonnegotiable state-law rights [of] employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.' " Id. (quoting Allis-Chalmers, 471 U.S. at 212, 105 S.Ct. at 1911).
 
 
 15
 As torts, California Electric's claims all depend upon the assertion of breached duties. California Electric alleges that California law establishes the breached duties. These statutory duties, California Electric argues, are nonnegotiable state law duties, independent of any duty established by the collective bargaining agreement with the Union. Specifically, California Electric alleges that the former employees owed it a duty of ordinary care pursuant to sections 2854 and 2865 of the California Labor Code.[1] California Electric further alleges that, under section 2922 of the California Labor Code, the former employees specifically owed it a duty not to quit without reasonable notice. Section 2922 of the California Labor Code provides, "An employment, having no specified term, may be terminated at the will of either party on notice to the other."
 
 
 16
 We conclude that section 301 of the LMRA preempts California Electric's claims because definition of any of these state statutory duties depends substantially and inextricably upon consideration of the parties' collective bargaining agreement.
 
 
 17
 The California Supreme Court has held that section 2922 creates a presumption of at-will employment. Foley v. Interactive Data Corp., 47 Cal.3d 654, 665, 254 Cal.Rptr. 211, 214, 765 P.2d 373, 376 (1988) (in bank). However, "[t]his presumption may be superseded by a contract, express or implied...." Id., 254 Cal.Rptr. at 214, 765 P.2d at 376. In the instant case, the parties' collective bargaining agreement wholly displaces the state law presumption of at-will employment. Consequently, any state law requirement for notice of termination in at-will employment under section 2922 is inapplicable to this case.
 
 
 18
 Instead, to determine the former employees' state law rights and duties upon termination, including the scope of any duty of ordinary care under sections 2854 and 2865, resort must be had to the parties' collective bargaining agreement. Even assuming arguendo that the employees owed California Electric some duty of reasonable notice, the collective bargaining agreement defines the parameters of that duty, see section 3.06(c) of the collective bargaining agreement. Because California Electric's state law claims thus necessarily depend on consideration of the parties' collective bargaining agreement, Sec. 301 preempts them.
 
 II. Dismissal
 
 19
 We have determined that federal law preempts California Electric's complaint that its former employees breached their duties because the collective bargaining agreement necessarily defines those duties. We therefore recharacterize California Electric's claims against the former employees as federal section 301 claims for breach of the collective bargaining agreement. See 29 U.S.C. Sec. 185. Federal law shields individual union members from liability for such actions, however. See Salinas Cooling Co. v. Fresh Fruit and Vegetable Workers, Local P-78-A, 743 F.2d 705, 708 (9th Cir.1984); Evangelista v. Inlandboatmen's Union of the Pacific, 777 F.2d 1390, 1400 (9th Cir.1985). Accordingly, the district court properly dismissed California Electric's claims against the individual union members.
 
 
 20
 California Electric contends that this federal shield from liability spreads over only "concerted" union activity. We disagree. As we have previously noted, the Supreme Court has "held that individual union members are immune from suits for damages under section 301 even if their conduct was unauthorized by the union and was in violation of an existing collective bargaining agreement." Evangelista, 777 F.2d at 1400 (citing Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 417, 101 S.Ct. 1836, 1845, 68 L.Ed.2d 248 (1981)). We therefore hold that dismissal was proper. California Electric can pursue its recharacterized breach of contract claims only against the Union and not against its individual members. "The Supreme Court has made clear that the policy that the union should be the sole source of recovery 'cannot be evaded or truncated by the simple device of suing union agents or members, whether in contract or tort ... in a separate count ... for damages for violation of a collective bargaining contract....' " Salinas, 743 F.2d at 708 (emphasis omitted) (quoting Atkinson v. Sinclair Refining Co., 370 U.S. 238, 249, 82 S.Ct. 1318, 1325, 8 L.Ed.2d 462 (1962)). California Electric's state law claims against the former employees cannot evade preemption under federal labor law. Federal law governs alleged breaches of the collective bargaining agreement, and it shields the former employees from liability.
 
 CONCLUSION
 
 21
 Dismissal of California Electric's claims against the former individual defendants is therefore
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 Cal.Lab.Code Sec. 2854 provides: "One who, for a good consideration, agrees to serve another, shall perform the service, and shall use ordinary care and diligence therein, so long as he is thus employed." Cal.Lab.Code Sec. 2865 provides: "An employee who is guilty of a culpable degree of negligence is liable to his employer for the damage thereby caused to the employer."