26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald CHAN; Vladimir Piljak; Burton H. Wolfe, Plaintiffs-Appellants,
v.
Robert H. MILLER, Defendant,
and
Luxor Cab Company; Local 278 Retail Delivery Drivers,
Driver-Salesmen & Helpers, et al., Defendants-Appellees.
 No. 92-16139.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1994.
Decided May 25, 1994.
 
 Before: FLETCHER, FERGUSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs, who were taxi drivers for DeSoto Cab Company ("DeSoto" or "the cab company"), claim both the cab company and the Teamsters Union breached their duty to the cab drivers by entering into a settlement agreement and then breached the agreement itself by not informing the drivers of its terms. Plaintiffs argue the National Labor Relations Board ("NLRB") should have pursued an unfair labor practice action against the cab company. They also claim Judge Legge erred by not recusing himself for bias. The district court dismissed some of the claims and granted summary judgment for the defendants on the remaining claims. We affirm.
 
 
 3
 * Plaintiffs argue Judge Legge should have recused himself from this case because he is a former partner in a law firm that represents one of the taxicab companies Wolfe has been suing. They claim Judge Legge became inflamed against Wolfe and reversed prior decisions made in favor of Plaintiffs after he read an "acrimonious letter" Burton Wolfe wrote to one of the judge's former partners that was submitted as evidence.
 
 
 4
 "[T]he test for recusal is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 714 (9th Cir.1990) (quoting Herrington v. Sonoma County, 834 F.2d 1488, 1503 (9th Cir.1987)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 114 S.Ct. 1147, 1150, 127 L.Ed.2d 474, 491 (1994). We review a judge's decision not to recuse himself for abuse of discretion. Milgard Tempering, 902 F.2d at 714.
 
 
 5
 When Plaintiffs raised the issue of judicial bias, Judge Legge referred the matter to an impartial judge, in accordance with the local rules. C.R. 143. Judge Lynch reviewed the hearing transcripts, as well as all of the paperwork Plaintiffs filed, and he concluded:
 
 
 6
 plaintiffs have failed to make a sufficient showing of conflict of interest, bias, or prejudice.
 
 
 7
 Simply put, nothing in Mr. Wolfe's papers indicates that Judge Legge's rulings were based on anything other than the merits of plaintiffs' case, and the relevant law.... The fact that plaintiff has had an acrimonious interaction with a former law partner of Judge Legge, without more, is wholly insufficient to make a showing of a conflict of interest.
 
 
 8
 Id.
 
 
 9
 The transcript of the hearing during which Judge Legge discussed Wolfe's "acrimonious letter" supports Judge Lynch's conclusions. Although Judge Legge stated, "A lot of the claims which Mr. Wolfe has asserted are just plain frivolous," and added, "I believe that there is also evidence here of harassment," he demonstrated no personal animosity towards Plaintiffs. C.R. 150. He stated for the record, "Mr. Wolfe has been courteous and respectful in all court proceedings," and added, "I have no conflict with his treatment of the court or decorum or treatment of the personnel." Id.
 
 
 10
 Plaintiffs have failed to make arguments or present evidence demonstrating that Judge Legge abused his discretion in following Judge Lynch's recommendation and not recusing himself from this case.
 
 II
 
 11
 Plaintiffs claim the district court erred in dismissing the claims against the NLRB defendants. We review dismissals for failure to state a claim de novo. Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). Plaintiffs justify their claims against the NLRB with two theories. They claim the NLRB is liable under the Administrative Procedure Act ("APA") for failing to follow its own regulations when it chose not to issue a cease and desist order to the cab companies and when it did not include all of the cab drivers in the settlement agreement. Plaintiffs also claim the NLRB violated their equal protection rights by permitting a settlement agreement that benefited some, but not all, of the cab drivers.
 
 
 12
 Plaintiffs attempt to dress up their APA claim by alleging the NLRB violated its internal regulations. However, 29 U.S.C. Sec. 160, which Plaintiffs cite, requires the Board to issue a cease and desist order only if it finds an unfair labor practice. The Board made no such finding in this case. The other regulation Plaintiffs cite, 29 C.F.R. Sec. 101.7, states that all parties should participate in the settlement process. The cab drivers, however, were not a party to the NLRB complaint and thus were not entitled to participate in the settlement. The substance of this claim amounts to nothing more than Plaintiffs' dissatisfaction with the NLRB's decision not to pursue an unfair labor practice action against the cab companies. This claim fails because the Supreme Court has explicitly held that the NLRB's discretionary decision not to pursue a complaint or to dismiss a complaint pursuant to an informal settlement agreement is not subject to judicial review under either the National Labor Relations Act or the APA. N.L.R.B. v. United Food and Commercial Workers, 484 U.S. 112, 114 (1987).
 
 
 13
 While the NLRB's prosecutorial decisions are generally not reviewable, the Ninth Circuit has articulated a number of exceptions to this rule, one of which is when the NLRB's actions violate constitutional rights. International Ass'n of Machinists and Aerospace Workers v. Lubbers, 681 F.2d 598, 603 (9th Cir.1982), cert. denied, 459 U.S. 1201 (1983). If the NLRB violated Plaintiffs' equal protection rights, its actions would be reviewable under this exception. However, there is no substance to the equal protection claim. As Judge Legge pointed out, "the NLRB [was] not really involved in a private settlement between the Union and the cab companies." C.R. 149 at 12. Furthermore, Plaintiffs do not have an equal protection claim just because they are among the large group of cab drivers who did not benefit from the settlement agreement. Plaintiffs do not allege that they are members of a protected class, and it is not irrational that the settlement agreement would allow some, but not all, of the drivers to return to employee status. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 441-42 (1985) (when heightened scrutiny is not appropriate, the Equal Protection Clause requires only rational means to serve legitimate ends).
 
 III
 
 14
 Plaintiffs argue the district court erred in granting the cab company's motion for summary judgment. We review grants of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We review the record in the light most favorable to Plaintiffs to determine whether there exist genuine issues of material fact regarding their claims. Id.
 
 
 15
 Plaintiffs claim DeSoto Cab Company had a fiduciary duty to inform them of the terms of the settlement agreement. However, they provide no legal support for this claim and rely solely on the long-standing business relationship between DeSoto officers and the drivers. This type of business relationship does not create a fiduciary duty. As the NLRB concluded after reviewing a number of Wolfe's claims, "The Employers were not obligated to publicize the unfair labor practice charge filed by the Union or the private settlement reached by the parties." C.R. 42, Attachment F.
 
 
 16
 Plaintiffs also claim they are third-party beneficiaries of the settlement agreement, and they allege DeSoto breached this contract. Contract claims are generally state law actions. However, Sec. 301(a) of the Labor Management Relations Act ("LMRA") provides that "[s]uits for violation of contracts between an employer and a labor organization ... may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. Sec. 185(a) (1988). Because the settlement agreement is a contract between an employer and a labor organization, the district court had jurisdiction to hear Plaintiffs' third-party beneficiary claim. See Milne Employees Ass'n v. Sun Carriers, 960 F.2d 1401, 1407 (9th Cir.1991) (nonsignatories to an employer-labor organization contract can bring suit under Sec. 301(a)), cert. denied, 113 S.Ct. 2927 (1993).
 
 
 17
 We agree with the district court that Plaintiffs' contract claim against the cab companies presents no genuine issue of material fact. As the district court concluded, the settlement agreement does not require the cab company to inform the drivers about the settlement, nor does it require the company to reinstate any set number of drivers. C.R. 58. The district court's grant of summary judgment to the cab companies was proper.
 
 IV
 
 18
 Plaintiffs argue the district court erred in granting summary judgment to the individual Union officers. However, as the district court stated, union officers are not individually liable for acts performed pursuant to their responsibilities as union representatives. California Electric Co. v. Briley, 939 F.2d 790, 793 (9th Cir.1991), cert. denied, 112 S.Ct. 1478 (1992); Evangelista v. Inlandboatmen's Union of Pacific, 777 F.2d 1390, 1400 (9th Cir.1985). Thus, the district court correctly granted summary judgment to the Union officers.
 
 
 19
 Plaintiffs also claim the district court erred when it reversed its original decision and dismissed the claims against the Union. Although plaintiffs admit they signed the TLA, which terminated their Union membership, they still claim the Union had a duty to include them in, and notify them of, the settlement agreement. The district court correctly rejected this argument, concluding that at the time of the settlement agreement, "the Union owed neither Wolfe nor any of the other plaintiffs any duty of fair representation, and any opportunity for [plaintiffs] to contend otherwise was already time-barred." E.R. Tab B at 7.[1]
 
 
 20
 Plaintiffs make the same third-party beneficiary contract claim against the Union that they made against the cab companies. This claim fails because the settlement agreement did not require the Union to notify Plaintiffs about the agreement or its terms. The district court properly dismissed the claims against the Union.
 
 V
 
 21
 Plaintiffs argue the district court should not have allowed the Union's attorneys to represent the individual Union officers because the officers' interests were adverse to those of the Union. Plaintiffs sued the Union and its officers based on a single set of actions (or a single failure to act). If the officers were liable, the Union would also be liable, unless it successfully argued that the officers were acting outside the scope of their authority. Urichuck v. Clark, 689 F.2d 40, 43 (3rd Cir.1982). See also Did Bldg. Services v. N.L.R.B., 915 F.2d 490, 496 (9th cir.1990) (union's responsibility for its officers' acts is controlled by common law agency principles). Because the Union could not realistically make such an argument, the officers' interests were not adverse to the Union's, and there is no problem with common representation. Urichuck, 689 F.2d at 43.
 
 
 22
 The district court's decision to grant Defendants' motions for summary judgment and dismissal are AFFIRMED.[2]
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Furthermore, as the district court mentioned in a footnote, even if the Union had a duty to represent Plaintiffs, that duty would most likely not extend to filing unfair labor practice charges because Plaintiffs could have filed these charges on their own. Archer v. Air Line Pilots Assoc., 609 F.2d 934, 939 (9th Cir.1979), cert. denied, 446 U.S. 953 (1980)
 
 
 [2]
 We warn Mr. Wolfe that although he is quite adept at presenting legal arguments, he is not an attorney and is not permitted to represent others before the court. He should keep this in mind before pursuing any future legal action