William H. McCREEDY, et al.,
Plaintiff-Appellees,
Cross-Appellants,

v.

LOCAL UNION NO. 971, UAW, et al.,
Defendants-Appellees,

The Bendix Corporation (Heavy Vehicle Systems Group), Defendant-Appellant,
Cross-Appellee.

Nos. 85–3743, 85–3744.

United States Court of Appeals,
Sixth Circuit.

Decided April 22, 1987.

Thomas H. Barnard (argued), David J. Somrak, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant-appellant, cross-appellee.

Kirk B. Roose (argued), Oberlin, Ohio, for plaintiffs-appellees, cross-appellants.

William P. Bobulsky, Betty Grdina (Lead Counsel), Bobulsky, Gervelis, & Grdina, Ashtabula, Ohio, Jordan Rossen, John Fillion (argued), Detroit, Mich., for defendants-appellees.

Before MARTIN, GUY and NORRIS, Circuit Judges.

## ORDER DENYING PETITION FOR REHEARING

In *McCreedy v. Local Union 971, UAW, et al.*, 809 F.2d 1232 (6th Cir.1987), this Court adopted the six month statute of limitations of section 10(b) of the National Labor Relations Act to apply to an action to compel arbitration. Defendants-appellees have now filed a petition for rehearing with suggestion for rehearing *en banc*. The petition is denied.

We write briefly to answer defendants' contention that our decision in *McCreedy* is somehow inconsistent with this Court's recent pronouncements in *Carruthers Ready-Mix, Inc. v. Cement Masons Local Union*, 779 F.2d 320 (6th Cir.1985), *Champion International v. Paperworkers International Union*, 779 F.2d 328 (6th Cir. 1985), and *Central States Southeast & Southwest Areas Pension Fund v. Kraftco, Inc.*, 799 F.2d 1098 (6th Cir.1986) (en banc). To the contrary, our decision in *McCreedy* is entirely consistent with these cases.

In *Carruthers*, the employer filed suit pursuant to 29 U.S.C. § 187 alleging that Cement Masons engaged in strikes against the general contractors to discourage them from dealing with Carruthers. We noted that in order to determine the proper statute of limitations, it was necessary first to characterize the essence of the claim and then decide which state statute provided the most appropriate limiting principle. 779 F.2d at 322. Nevertheless, we also noted that deference to state law was a matter of preference, not obligation, and that the characterization that state law would impose may be rejected if unreasonable or inconsistent with national labor policy. *Id.* We found that the Tennessee limitations period for inducing breach of con-

**8**

tract and interference with business were analogous to the action encompassed by 29 U.S.C. § 187. Thus, unlike *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), in *Carruthers* there existed a state limitations period closely analogous to the federal action. Application of the state limitations period in *Carruthers* was not inconsistent with the policies underlying federal labor law. 779 F.2d at 326.

This same analysis was applied in *Champion*, where the employer sought to vacate an arbitration award. There we approved the use of the state limitations period governing vacation of arbitration awards, in that case, the Tennessee ninety-day limitations period. However, we also recognized that a state statute of limitations that hinders or conflicts with federal statutory policy reflected in the substantive right at issue should not be adopted. 779 F.2d at 333.

Finally, in the *en banc* decision in *Kraftco*, the Court followed similar reasoning. As in the previous two cases, we found state law consistent with the policies underlying federal labor law, stating:

> *DelCostello* emphasized that rapid resolution of labor disputes is favored when the collective bargaining process is threatened. However, "speed and finality may not be as pressing concerns where the underlying dispute concerns a pension plan rather than day-to-day employment matters."

799 F.2d at 1107 (quoting *United Independent Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1262, 1273 (7th Cir. 1985)). Accordingly, we found that the state statute of limitations for breach of contract applied to a claim for breach of a trust agreement under ERISA. In addition, we reaffirmed that the limitations period for violation of section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, was that designated in the state statute of limitations for contract actions.

 Although the result reached in *McCreedy* was different, the method that was utilized in deciding which statute of limitations should be adopted was the same. First, we looked to see whether there was an analogous state statute of limitations that was appropriate to apply in the context of a motion to compel arbitration. Secondly, we determined whether application of that statute was consistent with the policies underlying federal labor law. For the reasons stated in our opinion, we found that application of the most analogous Ohio statute of limitations, that applicable to contracts not in writing, was inconsistent with those policies.

The balance of defendants' arguments requires no additional response. The petition is, accordingly, denied.

ENTERED BY ORDER OF THE COURT.