Sherman WOOSLEY; Edward Carmack; Lester Blue, Jr.; Stonnie Fraley; W.O. Gregory; William Braswell; and Max Wolke, Plaintiffs–Appellees,

v.

AVCO CORPORATION, Defendant–Appellant.

No. 90–5602.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 1, 1991.
Decided Sept. 20, 1991.

Cecil D. Branstetter, R. Jan Jennings (argued and briefed), Branstetter, Kilgore, Stranch & Jennings, Nashville, Tenn., for plaintiffs-appellees.

J. Kevin Hennessy, Banta, Cox & Hennessy, Chicago, Ill., Brian Steinbach (argued and briefed), Banta, Cox & Hennessy, Chicago, Ill., for defendant-appellant.

Before KENNEDY and JONES, Circuit Judges, and HARVEY, Senior District Judge.*

KENNEDY, Circuit Judge.

Defendant-appellant Avco Corporation appeals the District Court's judgment in favor of plaintiffs under section 301 of the Labor Management Relations Act of 1947. The judgment awarded reinstatement and back pay to six employees under the provisions of a collective bargaining agreement. The provision allowed supervisory employees to return to the Bargaining Unit. Plaintiff employees move to dismiss the appeal for lack of jurisdiction. For the reasons stated below, we REMAND to the District Court the claims of Fraley, Wolke, and Woosley for consideration of the futility of arbitration and REVERSE and DIS-

---

* The Honorable James Harvey, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

MISS the claims of Braswell, Carmack and Gregory.[1]

## I.

Avco Corporation manufactures products for military and commercial aircraft. The International Association of Machinists and Aerospace Workers, Aero Lodge No. 735, AFL–CIO, represents the hourly production and maintenance employees for collective bargaining.

The plaintiffs, all hired as regular hourly production and maintenance employees in a collective bargaining unit ("Unit"), accepted assignments as supervisory personnel. Article X, Section 3 of the most recent collective bargaining agreement ("Agreement") between Avco and the Union provides:

> Any employee who [heretofore] has been assigned, or who, having one (1) years seniority, is hereafter assigned to a position outside the bargaining unit and whose length of service is continuous with this Company, shall be entitled to return to his last held occupation in the bargaining unit, provided he possesses sufficient seniority. Employees returning to the bargaining unit under this provision shall have accumulated seniority, including that period of time worked outside the bargaining unit.[2]

All of the plaintiffs in this action had accumulated one year of service prior to transferring to supervisory positions and had sufficient seniority to return to their prior position in the Unit. The plaintiffs allege that Avco violated Article X, Section 3 by terminating their employment and ignoring their requests to return to their Unit. Because the situation surrounding each employees' claim is different, we discuss separately the facts of each employee's termination.

William Braswell, during his tenure as a supervisor, misused his pride stamp. Pride stamps normally indicate a product is ready for inspection. Braswell admitted to management that he had used the stamp of an hourly worker on some paperwork. Braswell was temporarily suspended for his actions. When questioned about other supervisors misusing stamps, Braswell refused to name specific supervisors but suggested that others did misuse the stamp and would "go down as well." Braswell's responses and attempted coverup resulted in his termination. His only request to return to his Unit was made after he was informed of the termination. Braswell did not file a grievance under the Agreement.

Edward Carmack submitted a written request to return to the Unit three months after his promotion to supervisor. He was told the next day by the Director of Assembly, John Benbow, that his request would not be honored and that he was expected to do his current job until it was decided to honor the request. Carmack adequately performed his job for another nine months. He then submitted a letter of resignation asking that Avco either honor his request to return to the Unit or accept his resignation. Carmack never filed a grievance.

Stonnie Fraley requested a return to his Unit after working seven months as a supervisor. He first orally requested the transfer and later submitted two written requests. All requests were denied. Eventually, after numerous warnings, Fraley was dismissed due to absenteeism and insubordination. Fraley filed a grievance which Avco denied. He has never requested a panel of arbitrators to hear the dispute.

William Gregory submitted a request to return to the Unit after working over two years as a supervisor. The company asked for time to find a replacement. Eventually, Gregory was told that he could leave his supervisory position only through resigna-

---

**1.** Judgment was entered against Lester Blue Jr. in the trial court. Neither Avco nor Blue challenge that decision on appeal and Blue is thus not properly a party to this appeal.

**2.** Two Agreements were in effect during the time period the events leading up to this case occurred. The first Agreement was effective from June 1883 to June 1986. The second became effective in June of 1986. Both Agreements contain the language in Article X, Section 3.

tion or termination. Gregory handed in his resignation. Gregory never filed a grievance under the Agreement.

Max Wolke had chronic attendance problems while working as a supervisor. He told his supervisors that if they were unhappy with his performance he wished to return to the Unit. He filed a written request to return to his Unit only after being disciplined for attendance and insubordination problems. Eventually, Avco terminated Wolke. Avco told Wolke he could not return to his Unit because he had been discharged for just cause. Wolke filed a grievance which was denied by Avco. The Union never requested arbitration.

Sherman Woosley's performance as a supervisor was also poor. He received low performance evaluations and eventually was put on 60-days probation. One month after the evaluation and the beginning of the probation period, Woosley filed a written request to return to his Unit. His request was denied. Six months later Woosley was discharged. Woosley filed a grievance which was denied by the company. The Union requested arbitration but has not pursued the matter.

The plaintiffs brought this action under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 seeking reinstatement and backpay under the provisions of the Agreement. The District Court held that the plaintiffs were not obligated to exhaust the Agreement's mandatory grievance and arbitration procedures. Further, plaintiffs making timely requests to return to the Unit were entitled to do so and Avco retained no discretion in denying or conditioning acceptance of those requests. The District Court found Avco's failure to reinstate the plaintiffs to their former Unit positions breached the terms of the Agreement and thus the plaintiffs who had mitigated their damages were entitled to reinstatement and backpay.

## II.

The plaintiffs have filed a motion to dismiss the appeal for lack of jurisdiction. The plaintiffs argue that the judgment appealed from is not final under 28 U.S.C. § 1291. Section 1291 provides in part,

> The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States....

The judgment entered in this case, dated March 30, 1990, disclosed findings of facts and conclusions of law. The judgment ordered the parties to stipulate the amount of straight and vacation time, medical expenses, and interim earnings for each plaintiff within 20 days of the judgment. Paragraph 9 of the judgment also states that "[t]his judgment shall be amended upon the submission of the parties' stipulations to incorporate the stipulated amounts and shall become final upon entry of the stipulations." The stipulations were not entered until May 30, 1990. Plaintiff Wolke filed a Rule 59 motion to alter, amend or reconsider the award for damages on the same day as the stipulations were filed. The notice of appeal had been previously filed on April 26, 1990.

Federal Rules of Appellate Procedure 4(a)(4) provides that when a party has filed a Rule 59 motion to alter or amend, the time for filing an appeal does not begin to run until an order has been entered on the motion. Thus, if it is assumed that the March 30, 1990 order was not final until May 30, 1990, the notice of appeal filed in April 1990 would have no effect and this Court would lack jurisdiction to hear this case. Rule 4(a)(4) only applies to timely motions filed within 10 days of the judgment. Wolke's motion would be timely only if the submission of the stipulations on May 30, 1990 was considered the final order. If the March 30, 1990 judgment is final, Wolke's untimely motion would not nullify the notice of appeal filed during the pendency of the motion. *McMahon v. Libbey-Owens-Ford Co.*, 870 F.2d 1073, 1078 n. 1 (6th Cir.1989) (per curiam).

■ A judgment is not final for purposes of appeal when the assessment of damages remains. *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976). This Court has held however that in certain cases a judgment is

final if only ministerial tasks in determining damages remain. In *Durkin v. Mason & Dixon Lines,* 202 F.2d 425 (6th Cir.1953), this Court considered a case where the District Court granted recovery for overtime worked but let the amount of recovery be determined in accordance with stipulations previously filed. The court based the finding of finality of a judgment on whether the equities between the parties were resolved regardless of whether damages were agreed upon.

■ Plaintiffs argue that the stipulation as to damages was neither mechanical nor uncontroversial and that therefore the judgment was not final until May. They argue further that the determination of backpay involved complicated calculations and the parties therefore exchanged arguments and position papers. The defendant on the other hand views the stipulation as a ministerial and uncontroversial act. Defendant argues that the determinations could easily be made in three steps: (1) determining the pay plaintiffs would have earned; (2) deducting their interim earnings; and (3) adding the amount of overtime earnings based on average number of overtime hours per plant employee. Defendant also asserts that no position papers were exchanged, only calculation summaries. The Eleventh Circuit, addressing a similar factual situation, has held that immediate appeal is permissible from an order requiring a company to promote the plaintiff and instructing the parties to calculate backpay, seniority and other relief. *Turner v. Orr,* 759 F.2d 817 (11th Cir.1985), *cert. denied,* 478 U.S. 1020, 106 S.Ct. 3332, 92 L.Ed.2d 738 (1986). We find that the defendant has established that the March 30, 1990 order was in fact a final judgment thus allowing this Court to obtain jurisdiction in this matter.

■ Even if this Court were to decide the judgment filed on March 30, 1990 was not final, the judgment was appealable under 28 U.S.C. § 1292(a)(1). Section 1292 gives the Court of Appeals jurisdiction over appeals from interlocutory orders of a district court granting or continuing an injunction. The order to reinstate the plaintiffs was clearly an injunction. *See Cohen v. Board of Trustees of Univ. of Medicine and Dentistry,* 867 F.2d 1455 (3d Cir.1989). Two Circuits have recognized that if an order from a case is properly appealed, the court of appeals can consider related orders. *Parks v. Pavkovic,* 753 F.2d 1397 (7th Cir.), *cert. denied,* 473 U.S. 906, 105 S.Ct. 3529, 87 L.Ed.2d 653 (1985); *McKnight v. Blanchard,* 667 F.2d 477, 480–81 (5th Cir.1982). This Court, properly hearing the appeal of the reinstatement order, may hear the issues related to the order for damages.

### III.

■ Avco claims that the plaintiffs, who were supervisors at all relevant times, never had standing under the Agreement. The Agreement specifically excludes supervisors from its terms. The language of Articles X, Section 3, quoted above, states that a supervisor *"shall be entitled to return* to his last held occupation in the bargaining unit...."* (emphasis added). This language indicates that supervisory personnel who were previously hourly workers receive a right under the Agreement as soon as they request a return. At the time of the request, they are entitled to become members of the Unit and should be treated as members in order to assert their right to return to the Unit. The language of Section 3 establishes a legal right "the invasion of which creates standing." *Warth v. Seldin,* 422 U.S. 490, 500, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975) (citations omitted).

The cases that the defense cites in support of its argument that the plaintiffs do not have standing are distinguishable. This Court's decision in *McTighe v. Mechanics Educ. Soc'y of America, Local 19,* 772 F.2d 210 (6th Cir.1985), involved language of a collective bargaining agreement which gave the company discretion to determine whether a supervisor could return to the bargaining unit. The language of Section 3, specifically the use of the words "shall be," invest no such discretion to Avco. Thus, the right to return is not dependent on a showing of abuse of discre-

tion but is rather a right that gives the plaintiffs standing contemporaneously with a request to return to a unit. Only plaintiff William Braswell, who did not submit his request to return to the Unit until after his termination and whose length of service was not therefore continuous, lacks standing to pursue a claim under the Agreements.[3]

### IV.

Avco contends that the plaintiffs' claims are barred by the statute of limitations. There is no express statute of limitations under section 301. Avco maintains that the applicable statute of limitations for the claims asserted by the plaintiffs is six months. It bases this contention on the Supreme Court's holding in *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) which addressed a hybrid section 301/duty of fair representation claim. *DelCostello* held that the six-month statute of limitations period of 29 U.S.C. § 160(b), which governs unfair labor practices before the NLRB, applied when a breach of a collective bargaining agreement and duty of fair representation is alleged. This Court has held that *DelCostello* does not require section 160(b) to be applied in all cases in which labor law is at issue. *Central States Southeast & Southwest Areas Pension Fund v. Kraftco, Inc.*, 799 F.2d 1098, 1107 (6th Cir.1986), *cert. denied*, 479 U.S. 1086, 107 S.Ct. 1291, 94 L.Ed.2d 147 (1987); *Carruthers Ready–Mix, Inc. v. Cement Masons Local Union No. 520*, 779 F.2d 320 (6th Cir.1985). In *Kraftco*, which involved a pension's action against an employee for violation of the terms of a collective bargaining agreement, the Court held that where Tennessee law provides a statute of limitation for analogous state actions, the state limitation may be applied provided it is consistent with labor law policies. 799 F.2d at 1107.

No case in this Circuit has previously addressed the specific issues raised in this case. Although *Kraftco* states that "actions based on breach of a collective bargaining agreement are governed, under Tennessee law ... which specif[ies] a six-year period of limitation," 799 F.2d at 1108, we believe *Kraftco* is distinguishable. Rather than a pension dispute, which *Kraftco* involved, this case involves day-to-day employment and grievance issues. *DelCostello* stressed the importance of rapid resolution when collective bargaining processes might be disturbed. The Seventh Circuit has noted that a difference exists in the importance of speed and finality in "day-to-day employment matters" as opposed to pension issues. *United Indep. Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1262, 1273 (7th Cir.1985). We agree.

This Circuit has followed the reasoning of *DelCostello* to mandate a six-month statute of limitations on actions to compel arbitration. *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232, 1237 (6th Cir.), *reh'g denied*, 818 F.2d 6 (6th Cir.1987). *McCreedy*, when denying the petition for rehearing, noted that *Kraftco* governed when an analogous state statute of limitation was appropriate and the application did not interfere with underlying federal labor policies. *DelCostello* defined one of the underlying policies as the rapid resolution of collective bargaining disputes between the employer and employees. A six-month statute of limitations should apply in this situation where the plaintiff claims are brought under the Agreement and involve the question of entitlement for employment under a collective bargaining agreement.

Avco asserts that the claims of Carmack, Fraley, Gregory and Woosley are all barred by a six-month statute of limitations and should be dismissed. The original complaint was filed on December 17, 1986.

**3.** Avco also argues that Wolke's request was untimely. Avco contends that his request to return to the Unit was filed only after he had committed all the acts which led to his termination. He had been placed on probation and was terminated the day following the request.

The language of Section 3 however states that employees with continuous service "shall be entitled" to return to their old position. No exceptions, limitations, or time factors are placed on that right. Wolke's request, coming before his actual termination, was timely.

Plaintiffs Carmack and Gregory resigned on June 9, 1986. The defense, in its brief, admits that Carmack's request to return to his Unit was denied and he was told "to do his job until Benbow decided to honor" the request. Gregory made a written request to return to the Unit. The company asked for time to find a replacement. Because both Carmack and Gregory were under the impression that the request might eventually be honored, their right to raise a claim under Article X, Section 3 continued until their resignations on June 9, 1986. Since Carmack and Gregory never filed grievances, the six-month statute of limitations required them to file their claims by December 9, 1986. Thus, the claim filed on December 17, 1986 is time barred as to Carmack and Gregory.

■ Fraley was terminated on July 16, 1986 after filing two requests for transfers back to the Unit. On the same day as his termination, Fraley filed a grievance in reference to the company's failure to return him to the Unit. Woosley was terminated on September 8, 1986. He too filed a grievance on the day of his termination. Fraley's and Woosley's grievances were denied on October 15, 1986. This Court, in *McCreedy*, 809 F.2d 1232, (6th Cir.1987), upheld a district court finding that the accrual period for the statute of limitations began seven days after the denial of a grievance. The Court noted that the denial gave the employees notice that the company would not honor a portion of the Agreement and that there was a dispute under the Agreement. *Id.* at 1236. Based on the reasoning in *McCreedy*, the accrual of Fraley's and Woosley's claims did not begin until seven days after the denial of their grievances—October 22, 1986. Both claims are within the statute of limitations.

### V.

Avco also asserts that the findings of fact by the District Court relating to the plaintiffs' rights to reinstatement and back-pay were erroneous. The District Court's findings, based on evidence presented at trial, may only be reversed if "clearly erroneous" and the reviewing court is left with the impression that a mistake has been committed. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). The District Court judge based his findings related to backpay and reinstatement on a review of the plaintiffs' performance, the average overtime worked by plant employees, the plaintiffs' mitigation of damages, and the validity of their requests to return to the Unit. The District Court judge specified the evidence on which he relied in his findings. We have reviewed his findings. They are supported by the evidence and are not "clearly erroneous."

### VI.

■ It is a well established principle that where a collective bargaining agreement determines a grievance and arbitration procedure, a employee must exhaust the contractual procedures and remedies. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Plaintiffs here who are asserting rights entitling them to employment under the Agreement are required to use the remedies provided in the Agreement. However, an exception is recognized for cases where any effort to exhaust the remedies would be futile. *Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967); *Miller v. Chrysler Corp.*, 748 F.2d 323, 326 (6th Cir.1984). The District Court noted in its findings of fact that Avco had found no merit to the plaintiffs' grievances and held them to be not arbitrable. The District Court did not make a finding of fact as to whether further efforts to arbitrate would be futile.[4] We have determined that a factual finding on this issue is necessary for proper resolution of this case. If upon remand the District Court finds that demands for arbitration would have been fu-

---

4. The plaintiffs raise the issue of the Union's reluctance to represent them in their claims. This reluctance stems from the plaintiffs' roles as supervisory personnel. This is one of the factors that the District Court may consider in determining whether it was futile to pursue arbitration.

tile, plaintiffs Fraley, Wolke and Woosley are entitled to reinstatement and backpay.

The judgments in favor of Braswell, Carmack and Gregory are REVERSED.

## VII.

The action is REMANDED to the District Court for further proceedings consistent with this opinion.