986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Keith C. KEIM, Appellant,
v.
NATIONAL SUPER MARKETS, INC.; United Food and Commercial
Workers' Union, Local No. 88, Appellees.
 No. 92-1955.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 27, 1993.
Filed: February 19, 1993.
 
 Before JOHN R. GIBSON, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keith Keim appeals the district court's[1] grant of summary judgment for defendants in this civil action. Keim alleged his employer, National Super Markets, Inc., denied him premium pay for hours worked in 1988, and involuntarily transferred him to a different store. He alleged his union, the United Food and Commercial Workers' Union Local No. 88, AFL-CIO, CLC, treated him differently from black clerks who brought similar grievances. He brought this suit against National and the Union, claiming racial discrimination, breach of the collective bargaining agreement, and reprisal.
 
 
 2
 The district court correctly held that Keim's race discrimination claim is barred as untimely because he failed to file this action within ninety days of receiving a right-to-sue notice from the EEOC, see 42 U.S.C. § 2000e-5(f)(1), and he has shown no basis for equitable tolling. See Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989). Keim failed to meet the six-month statute of limitations on his claim regarding breach of the collective bargaining agreement. See 29 U.S.C. § 160(b); DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 155 (1983). The six-month period began to run on March 4, 1988, when the Union dropped his grievance, and Keim did not file suit until June 25, 1990. We conclude the district court properly dismissed without prejudice Keim's reprisal claim because he failed to produce a right-to-sue letter from the EEOC regarding this claim, which is a condition precedent to filing a Title VII action. See Jones v. American State Bank, 857 F.2d 494, 499 (8th Cir. 1988). Although such a defect is curable, at no time during the proceedings did Keim produce such a letter. See id. at 499-500.
 
 
 3
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri