26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon SANDERS, Plaintiff-Appellant,
v.
HUGHES AIRCRAFT CO., Defendant-Appellee.
 No. 93-56378.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Appeal from the United States District Court for the Central District of California, No. CV-93-02426-RJK; Robert J. Kelleher, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Sanders appeals pro se the district court's dismissal of his action for breach of contract and wrongful termination. The court dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see California Elec. Co. v. Briley, 939 F.2d 790, 792 (9th Cir.1991), cert. denied, 112 S.Ct. 1478 (1992), and affirm.
 
 
 3
 * Breach of Contract
 
 
 4
 In support of his claim for breach of contract, Sanders alleged that defendant Hughes Aircraft Company ("Hughes") violated the collective bargaining agreement between Hughes and Sanders's union. As the district court correctly held, Sanders's breach of contract claim is preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185. See Milne Employees' Ass'n v. Sun Carriers, Inc., 960 F.2d 1401, 1408 (9th Cir.1991), cert. denied, 113 S.Ct. 2927 (1993) (state-law claim preempted by section 301 of LMRA if claim requires interpretation of collective bargaining agreement). While Sanders correctly argues that the LMRA does not preempt a state claim for retaliatory termination based on an employee's filing for workers' compensation benefits, see Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 406-07 (1988), that argument is irrelevant to the question of whether the LMRA preempts Sanders's breach of contract claim.[1]
 
 
 5
 The district court also correctly held that Sanders's claim is barred by the six-month statute of limitations applicable to claims against an employer for breach of a collective bargaining agreement. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 155 (1983) (six-month statute of limitations contained in section 10(b) of National Labor Relations Act applicable to LMRA claims). The union informed Sanders by the end of September 1992 that it would not pursue his grievance against Hughes. The statute of limitations began running at that time because Sanders then knew or should have known that the union had stopped pursuing his grievance. See Harris v. Alumax Mill Prods., Inc., 897 F.2d 400, 404 (9th Cir.) (holding that limitations period began running when union informed employee that union would not pursue grievance), cert. denied, 498 U.S. 835 (1990); Carter v. Smith Food King, 765 F.2d 916, 919 n. 2 (9th Cir.1985) (statute of limitations for section 301 actions begins running when employee knows or has reason to know union has quit pursuing grievance). Sanders did not file his complaint until April 27, 1993, almost a month after the statute of limitations expired. Therefore, his claim is time-barred.
 
 
 6
 Sanders's contention that he was unsure whether the union would pursue his grievance is belied by the unambiguous language of the union's September 23, 1992 letter which states, in pertinent part, that "the motion was made and concurred with not to pursue this grievance any further."[2] Moreover, the fact that Sanders's other grievances may not yet be settled does not support Sanders's contention because Sanders filed those grievances after the district court announced it was dismissing this action.[3]
 
 
 7
 In sum, the district court did not err by holding that section 301 of the LMRA preempts Sanders's breach of contract claim and that, as such, his claim is barred by the statute of limitations.[4]
 
 II
 Retaliatory Termination
 
 8
 Sanders's complaint indicated that this claim was in part based on alleged violations of the collective bargaining agreement by Hughes. To that extent, Sanders's claim is preempted by section 301 of the LMRA and barred by the statute of limitations. See supra, part I.
 
 
 9
 In his complaint, Sanders alleged that Hughes terminated him in retaliation for his filing of a workers' compensation claim. In California, the exclusive remedy for an employee who alleges such a retaliatory termination is to file a petition with the Workers' Compensation Appeals Board ("WCAB").[5] Cal.Labor Code Sec. 132(a); Portillo v. G.T. Price Prods., Inc., 182 Cal.Rptr. 291, 292-94 (Cal.Ct.App.1982); see also Taylor v. St. Regis Paper Co., 560 F.Supp. 546, 549 (C.D.Cal.1983). Therefore, the district court correctly dismissed Sanders's retaliatory termination claim.[6]
 
 II
 Other Contentions on Appeal
 
 10
 On appeal, Sanders contends the district court should have entered a default judgment against Hughes. This contention lacks merit. There is no indication in the record that Sanders requested entry of default against Hughes. Moreover, the record shows that Hughes timely filed its motion to dismiss. See Fed.R.Civ.P. 12 & 55(a). Thus, Sanders would not have been entitled to a default judgment.
 
 
 11
 Sanders also contends that the district court committed judicial misconduct and that he has filed a complaint against the district court judge. Again, Sanders never asked the district court judge to recuse himself. In addition, Sanders's dispute with the judge appears to be based solely on adverse rulings by the judge. This is not enough to support a finding that the judge was biased against Sanders. See Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 712 (9th Cir.1993) (per curiam), cert. denied, 114 S.Ct. 890 (1994).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny the parties' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, as discussed in part II, infra, Sanders's retaliatory termination claim is barred under Cal.Labor Code Sec. 132(a)
 
 
 [2]
 Normally, in reviewing a dismissal for failure to state a claim we confine our review to the contents of the complaint. Sanders attached the union's letter to his complaint, however. Therefore, we properly may consider it on appeal. See Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir.1992) (court may consider complaint and all materials properly attached thereto)
 
 
 [3]
 To the extent Sanders is complaining about these later grievances, Sanders has not alleged nor is there any evidence that he has exhausted his contractual grievance procedures. See Carr v. Pacific Maritime Ass'n, 904 F.2d 1313, 1317 (9th Cir.1990), cert. denied, 498 U.S. 1084 (1991)
 
 
 [4]
 Although not raised on appeal, Sanders argued in district court that the statute of limitations was tolled when he filed an unfair labor practice charge with the National Labor Relations Board. This argument lacks merit. See Conley v. International Bhd. of Elec. Workers, Local 639, 810 F.2d 913, 915 (9th Cir.1987)
 
 
 [5]
 In fact, the record shows that Sanders filed a petition with the WCAB
 
 
 [6]
 Sanders's reliance on Ortiz v. Bank of Am. Nat'l Trust & Sav. Ass'n, 852 F.2d 383 (9th Cir.1988) is misplaced. Ortiz did not involve the issue of whether Cal.Labor Code Sec. 132(a) provides the exclusive remedy for the type of retaliatory termination claim Sanders alleged. Moreover, Sanders's contractual claims in this case are barred by the LMRA and not by a workers' compensation settlement, as was the case in Ortiz. See 852 F.2d at 387-88