# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued February 4, 2008        Decided March 28, 2008

No. 06-5244

JAMES W. CEPHAS,
APPELLANT

v.

MVM, INC. AND
ROBERT L. CHANEY, DEPARTMENT OF JUSTICE, UNITED
STATES ATTORNEY'S OFFICE,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 05cv00033)

---

*Richard J. Link, Jr.* argued the cause and filed the brief for appellant.

*Katherine A. Goetzl* argued the cause for appellee MVM, Inc. With her on the brief was *Jason M. Branciforte*.

Before: GINSBURG, GRIFFITH, and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GINSBURG.

GINSBURG, *Circuit Judge*:  James Cephas sued his employer, MVM, Inc., for damages, claiming the company violated its Collective Bargaining Agreement (CBA) with Cephas's union when it transferred him to another position.  The district court first held Cephas's claim arose under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, because § 301 completely preempts a claim for breach of a CBA cast in terms of state contract law.  The court then held the applicable statute of limitations was to be found in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (six months), and dismissed the action as untimely.  We hold the applicable limitation period was to be found in the District of Columbia Code, § 12-301(7) (three years), pursuant to which this case was timely filed.

## I. Background

At all relevant times MVM provided security guards for various premises in Washington, D.C. under a contract with the U.S. Marshals Service.  Cephas was employed by MVM as a Court Security Officer at the U.S. Attorney's Office in March 2003 when Robert Chaney, the government official in charge of security there, alleged Cephas failed to respond to an emergency while on duty and invoked the Government's contractual right to have Cephas removed.  As a result, MVM transferred Cephas to its security force at the National Courts Building.

Cephas's union filed a grievance with MVM, claiming the transfer was inconsistent with its CBA.  MVM denied the grievance on the ground that the transfer of Cephas was "not reviewable" under the CBA because it "was done at the written request of the Government."

In December 2004, Cephas sued Chaney and MVM in the Superior Court of the District of Columbia, alleging Chaney had defamed him and MVM had transferred him in violation of the

CBA and unspecified "rights of Cephas." MVM removed the case to the United States district court, which dismissed the suit against MVM in September 2005. The court reasoned that § 301 of the LMRA completely preempted Cephas's claim under D.C. law and that, recast as a federal claim arising under § 301, it was barred by the six-month statute of limitations in § 10(b) of the NLRA. 403 F. Supp. 2d 17; *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law"). In July 2006, the district court dismissed Cephas's action against Chaney as barred by the doctrine of sovereign immunity or, in the alternative, as untimely.

Cephas appealed both rulings. Another panel of this court affirmed the dismissal of the action against Chaney; we address now only the timeliness of Cephas's claims against MVM.

## II. Analysis

Cephas argues his contract claim arises under D.C. law, i.e., is not completely preempted, and that, even if the claim is completely preempted and therefore arises under § 301, D.C. law provides the applicable statute of limitations. MVM takes the position that § 301 completely preempts Cephas's state law claim and that the applicable statute of limitations is to be found in § 10(b) of the NLRA. Reviewing these issues of law *de novo*, we hold that Cephas's claim arises under § 301 but nonetheless was timely filed because, for the type of claim advanced in this case, § 301 borrows the District of Columbia's limitation period for a breach of contract action, which is three years.

4

A. Complete Preemption

Section 301(a) of the LMRA provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court ... without respect to the amount in controversy [and] without regard to the citizenship of the parties.

The Supreme Court has held § 301(a) is a source of substantive federal common law, *Textile Workers Union v. Lincoln Mills of Ala.*, 353 U.S. 448, 456-57 (1957), and provides a federal right of action, *see Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557 (1968). Moreover, an employee may sue his employer under § 301 for breach of a CBA even if the employer's alleged conduct is also an unfair labor practice prohibited by the NLRA. *See Smith v. Evening News Ass'n*, 371 U.S. 195, 197, 201 (1962).

Section 301 completely preempts any action predicated upon state law if that action "depends upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988). As the Supreme Court has explained,

the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action "for violation of contracts between an employer and a labor organization." Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301.

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) (citing *Avco Corp.,* 390 U.S. 557).

Cephas's complaint charges MVM breached the CBA and violated unspecified "rights" of his. Neither his complaint nor his brief, however, identifies any source of right -- such as an individual employment agreement -- other than the CBA. We conclude his action depends entirely upon the meaning of the CBA and is, therefore, completely preempted by § 301. *Lingle*, 486 U.S. at 405-06; *cf. Caterpillar Inc.*, 482 U.S. at 394-95 (Section 301 does not completely preempt action for breach of individual employment contract).

B.   Timeliness

Although Cephas's only cause of action arises under a federal statute, that is, § 301, federal law does not necessarily displace the statute of limitations that would apply under D.C. law. Section 301 does not specify a statute of limitations,[*] and "the general rule [is] that statutes of limitation" for federal rights of action that do not specify a limitation period "are to be borrowed from state law." *Reed v. United Transp. Union*, 488 U.S. 319, 324 (1989); *see also Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946) ("As to actions at law, the silence of Congress has been interpreted to mean that it is federal policy to adopt the local law of limitation"). We presumptively apply the limitation period that would apply to the state law claim that is "most closely analogous" to the federal claim in suit. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34 (1995); *see also Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 414-15 (2005) ("we ... 'borrow' the most closely analogous state limitations period" in all but "the rare case").

The presumption favoring state law is overcome only "when the state limitations period ... would frustrate or interfere with

---

[*] Because § 301 was enacted before December 1, 1990, the default federal limitation period in 28 U.S.C. § 1658 is inapplicable.

the implementation of national policies or be at odds with the purpose or operation of federal substantive law." *North Star Steel*, 515 U.S. at 34-35 (citations and quotations omitted). In that event, the courts must borrow a limitation period from an analogous federal statute. *Id.*; *see also* RICHARD H. FALLON, JR. ET AL., HART & WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM 761-62 (5th ed. 2003) (discussing cases in which the Supreme Court has "fashion[ed] a federal rule of decision" by borrowing from a federal statute).

Cephas argues federal law does not displace the state (here, D.C.) statute of limitations for a breach of contract action, wherefore his case was timely filed. MVM counters, on the authority of *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), that the six-month statute of limitations in § 10(b) of the NLRA displaces the presumptively applicable state limitation period *whenever* an employee sues his employer for breach of a CBA.

(1) *DelCostello* and the Hybrid Claim

Before *DelCostello*, the Supreme Court had held in a § 301 suit for breach of a CBA that the applicable statute of limitations was to be borrowed from analogous state law. Thus, in *UAW v. Hoosier Cardinal Corp.*, a § 301 action for damages brought by a union alleging the employer had breached the CBA and various unwritten contracts of employment with the employees, the Court applied the state statute of limitations for breach of contract. 383 U.S. 696 (1966). In *DelCostello*, however, the Court addressed a different sort of claim and reached a different result.

Although an employee may sue an employer under § 301 for breach of a CBA, the employee first must exhaust the grievance and arbitration procedures in the CBA. *Republic Steel*

*Corp. v. Maddox*, 379 U.S. 650, 652-53 (1965). If, however, "the union representing the employee in the grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary, or perfunctory fashion as to breach its duty of fair representation" (DFR), then the "employee may bring suit against both the employer and the union." *DelCostello*, 462 U.S. at 164. Such a "hybrid § 301/fair representation claim" consists of "two [intertwined] causes of action," one against the employer for breach of the CBA and the other against the union "for breach of the union's [DFR], which is implied" from the NLRA. *Id.* at 164-65 & n.14; *see also Steele v. Louisville & Nashville R.R. Co.*, 323 U.S. 192 (1944) (role as exclusive representative of employees implies DFR). The employee may bring his action against the employer, the union, or both, "but the case he must prove is the same." *DelCostello*, 462 U.S. at 165. Regardless whom he sues, that is, if the claim is a hybrid then the employee must show (1) the union breached its DFR and (2) the employer breached the CBA.

In *DelCostello*, rather than draw upon state law to supply the limitation period for hybrid cases employees had brought against their employers, the Supreme Court applied the limitation period in § 10(b) of the NLRA. The Court emphasized the substantial similarity between the DFR component of a hybrid claim and an unfair labor practice claim. *Id.* at 170 ("The NLRB has consistently held that all breaches of a union's [DFR] *are* in fact unfair labor practices. ... Even if not all breaches of the duty are unfair labor practices, ... the family resemblance is undeniable ...."); *see also Jacoby v. NLRB*, 325 F.3d 301, 305-08 (D.C. Cir. 2003) (discussing overlap between DFR and unfair labor practice claims). The Court then explained more generally that applying the state statute of limitations would frustrate federal labor policy:

In § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system. That is precisely the balance at issue in this case. The employee's interest in setting aside the final and binding determination of a grievance through the method established by the collective-bargaining agreement unquestionably implicates those consensual processes that federal labor law is chiefly designed to promote -- the formation of the agreement and the private settlement of disputes under it. Accordingly, the need for uniformity among procedures followed for similar claims as well as the clear congressional indication of the proper balance between the interests at stake, counsels the adoption of § 10(b) of the NLRA as the appropriate limitations period for lawsuits such as this.

462 U.S. at 171 (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 70-71 (1981) (Stewart, J., concurring in the judgment) (internal citations, alterations, and quotation marks omitted)).

The Court in *DelCostello* distinguished *Hoosier* principally on the ground that it "did not involve any agreement to submit disputes to arbitration." 462 U.S. at 162.[*] There was no need in

---

[*] The Court also distinguished *Hoosier* on the ground "the suit was brought by the union itself rather than by an individual employee." 462 U.S. at 162. The relevance of the plaintiff's identity to the choice between state and federal statutes of limitations is not clear, however, especially when one considers that the union in *Hoosier* was suing on behalf of the employees. 383 U.S. at 699-700. Indeed, several courts of appeals have applied *Hoosier*'s rationale to

*Hoosier* for "national uniformity" because that case did "not involve 'those consensual processes that federal labor law is chiefly designed to promote -- the formation of the collective agreement and the private settlement of disputes under it.'" *Id.* at 163 (quoting *Hoosier*, 383 U.S. at 702). Nor did the union's suit differ from "an ordinary breach-of-contract case." *Id.*

(2) MVM's Categorical Approach

MVM argues, on the authority of *DelCostello*, that § 10(b) of the NLRA provides the limitation period for any suit brought by an employee against his employer for breach of a CBA, including non-hybrid claims and claims not subject to a grievance procedure. The district court agreed, 403 F. Supp. 2d at 23-24, which was an error of law.

As the Supreme Court explained in *DelCostello*, § 10(b) of the NLRA displaces the presumption that state law defines the limitation period for a hybrid claim because such a claim "amount[s] to a direct challenge to the private settlement of disputes under the [CBA]" and, in view of the federal interest in the system of collective bargaining, § 10(b) appropriately limits the time an employee has to mount such a challenge. 462 U.S. at 165 (alterations and internal quotation marks omitted); *see also id.* at 171. That rationale simply does not apply to every claim arising under § 301. On the contrary, *Hoosier* seemingly requires that we apply the local statute of limitations for breach of contract when, as here, an employee seeks damages for the

---

an action brought by an employee for breach of a CBA, implicitly rejecting the view that the plaintiff's identity matters. *See, e.g.*, *Jones v. Gen. Elec. Co.*, 87 F.3d 209, 211-12 (7th Cir. 1996) (critical question is whether employee's claim is a hybrid); *Cabarga Cruz v. Fundacion Educativa Ana G. Mendez*, 822 F.2d 188, 191 & n.8 (1st Cir. 1987) (collecting cases).

breach of a CBA but is not advancing a claim that was, or could have been, resolved through the grievance procedure of the CBA. *See, e.g.*, *Jones*, 87 F.3d at 211-12 ("'[H]ybrid' cases ... invoke the 'narrow exception'" that federal law supplies a limitation period "and are to be distinguished from 'straightforward' § 301 cases. For cases of the latter type, borrowing an applicable state statute of limitations for breach of contract remains the rule."); *Cabarga Cruz*, 822 F.2d at 191 (applying state law where claim was subject to grievance procedure but employer repudiated CBA); *Garcia v. Eidal Int'l Corp.*, 808 F.2d 717, 721 (10th Cir. 1986) (same); *see also Vaca v. Sipes*, 386 U.S. 171, 185 (1967) (employee need not exhaust grievance procedure when employer repudiates CBA).

In resisting this conclusion, MVM points to the following statement in *DelCostello*: "[E]ven if this action were considered as arising solely under § 301 ... the objections to use of state law and the availability of a well-suited limitations period in § 10(b) would call for application of the latter rule." 462 U.S. at 158 n.12. In context, however, it is clear the Court was explaining that the hybrid claim could be considered either an action "arising solely under § 301" or an "amalgam[], based on both an express statutory cause of action" under § 301 for the employer's breach of the CBA, "and an implied one" for the union's breach of its DFR. *See id.* The Court instructed that, regardless how one considers the case, federal law should apply because of "the objections to use of state law and the availability of a well-suited limitations period in § 10(b)." *Id.* Nothing in the opinion remotely suggests § 10(b) supplies the limitation period for every non-hybrid action an employee brings for the breach of a CBA.

Citing cases from other circuits, MVM asserts nonetheless that § 10(b) provides the limitation period whenever an employee alleges under § 301 that his employer violated a CBA.

First, MVM relies upon *Foy v. Giant Food Inc.*, 298 F.3d 284 (2002), in which the Fourth Circuit, citing *DelCostello*, applied the limitation period in § 10(b) to a non-hybrid action by an employee claiming his employer breached the CBA by firing him after an altercation with another employee. *Id.* at 291. Oddly, neither the opinion nor the briefs indicate whether the issue was subject to a grievance procedure. If it was not, then as we have explained, nothing in *DelCostello* required the result reached by the Fourth Circuit, and it is in some tension with *Hoosier*.

Second, MVM invokes *Woosley v. Avco Corp.*, 944 F.2d 313 (6th Cir. 1991), but that decision is not inconsistent with our analysis. There the court, proceeding upon the assumption that filing a grievance and seeking arbitration would have been futile, applied the limitation period in § 10(b) to the non-hybrid claims of employees suing their former employer for breach of a CBA and seeking reinstatement and back pay. *Id.* at 316, 318-20. The Sixth Circuit borrowed the limitation period in § 10(b) because "the plaintiff[s'] claims ... under the [CBA] ... involve the question of entitlement for employment." *Id.* at 318. As the same court later pointed out, *Woosley* involved "'law of the shop' considerations important to federal labor law." *Cummings v. John Morrell & Co.*, 36 F.3d 499, 505 (6th Cir. 1994) (quoting *DelCostello*, 462 U.S. at 168-69); *but see DelCostello*, 462 U.S. at 168-69 (focusing upon grievance and arbitration processes). Insofar as the decision turned upon the nature of the plaintiffs' claims, we do not read *Woosley* to imply that § 10(b) supplies the statute of limitations whenever an employee sues his employer under § 301, as MVM suggests it does. *See also Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1216 (6th Cir. 1987) (declining to apply § 10(b) to employees' action against

employer "where ... the action does not implicate the breach of the union's [DFR]").[*]

Finally, MVM invokes the unpublished orders in *Sanders v. Hughes Aircraft Co.*, 26 F.3d 132 (Table), 1994 WL 227971 (9th Cir. 1994), and *Keim v. Nat'l Super Mkts., Inc.*, 986 F.2d 503 (Table), 1993 WL 40835 (8th Cir. 1993), but they are not inconsistent with our decision today. Each case involved a claim as to which the union filed but later abandoned a grievance, *see Sanders*, 1994 WL 227971, at * 1 ("The statute of limitations began running [when the plaintiff] knew or should have known that the union had stopped pursuing his grievance"); *Keim*, 1993 WL 40835, at *1 (statute of limitations "began to run ... when the Union dropped [the employee's] grievance"); each clearly challenged the result of the grievance procedure, and each likely presented or should have presented a hybrid claim for breaches of both the CBA and the DFR. *See* Brief of Appellee at 22-23, *Sanders v. Hughes Aircraft Co.*, No. 93-56378 (9th Cir. Feb. 16, 1994), 1994 WL 16133890 (arguing complaint should be dismissed per Rule 12(b)(6) because plaintiff must allege breach of DFR in order to sue employer). Moreover, other decisions in both circuits recognize that *Hoosier* makes the state statute of limitations applicable to non-hybrid claims filed by an employee against his employer for breach of a CBA. *See Borowiak v. Vickers Inc.*, 972 F.2d 353 (Table), 1992 WL 157517, at *2 (8th Cir. 1992) (applying § 10(b) to employee's claim under § 301 because "the complaint

---

[*] We recognize a suit for specific relief, such as reinstatement, might implicate different considerations than does an action for damages, but we need not address whether a different statute of limitations should apply because of the effect such a suit may have upon collective bargaining. *But see Cabarga Cruz*, 822 F.2d at 191-92 (applying state statute of limitation to non-hybrid action for reinstatement alleging breach of CBA).

plainly implicated the nature of the union's representation ... and [was not] ... a pure breach of contract claim against the employer"); *Ta v. Gen. Dynamics-Convair*, 937 F.2d 614 (Table), 1991 WL 126735, at *4 (9th Cir. 1991) ("When the plaintiff's claim is not a hybrid, but a straightforward Section 301 claim for breach of a [CBA], it is governed by [*Hoosier*]" rather than by *DelCostello*).

In sum, we reject MVM's argument that *DelCostello* makes the six-month limitation period in § 10(b) applicable to every action an employee may bring against his employer under § 301, and we do not understand any other circuit, except perhaps the Fourth, to have adopted that position. In our view, the applicable limitation period depends upon the nature of the employee's claim, to which issue we now turn.

(3)  The Non-Categorical Approach

Having rejected MVM's approach, we must determine whether Cephas raises a hybrid claim and, if not, whether federal law otherwise requires that we borrow the six-month limitation in § 10(b) of the NLRA. If the answers are on both counts no, then we must apply the statute of limitations for the "most closely analogous" action under D.C. law. *See North Star Steel*, 515 U.S. at 34.

In the district court MVM at first argued that Cephas's complaint, which advanced a straightforward claim for breach of contract under D.C. law, should be dismissed on the ground that he failed to plead essential elements of a hybrid claim. The court, however, dismissed Cephas's action as untimely based upon the assumption that Cephas had not advanced a hybrid claim. 403 F. Supp. 2d at 23-24; *see also id.* at 22 ("this Circuit has yet to decide whether the six-month statute of limitations in

NLRA § 10(b) applies when there is only a claim of breach of the [CBA]").

On appeal, Cephas points out that the grievance procedures in the CBA are expressly made inapplicable "to any situation where the Company is acting under the directives of the US Marshals Service," as he alleges MVM was doing in transferring him. On brief, MVM does not disagree and treats as a "fact that the CBA does not require an employee to use the grievance procedure in the CBA when challenging an action by MVM which was directed by MVM's client -- such as Mr. Cephas's transfer." At oral argument, moreover, MVM specifically affirmed that Cephas's claims are excluded from the grievance and arbitration provisions of the CBA. Because Cephas's claim could not have been processed through the grievance procedure in the CBA, it follows his case does not depend upon his union having breached its DFR; he alleges a straightforward breach of the CBA by his employer, not a hybrid claim of employer breach of contract and union breach of the DFR.

Nor does federal law otherwise counsel application of the limitation period in § 10(b). MVM does not even attempt to show that it does, and we are unable to see how applying the three-year limitation period in D.C. CODE § 12-301(7) would frustrate "the formation of [a] collective agreement [or] the private settlement of disputes under it.'" *DelCostello*, 462 U.S. at 163. Cephas does not challenge the resolution of a grievance or arbitration "decision which has given 'meaning and content' to the terms of an agreement," or "affected subsequent modifications of the agreement," *id.* at 169, and neither the pendency nor the resolution of his suit would in any way interfere with the formation of a new CBA. *Id.* at 171. *Cf. Legutko v. Local 816, Int'l Bhd. of Teamsters*, 853 F.2d 1046, 1050-52 (2d Cir. 1988) (applying § 10(b) to suit alleging violation of union's constitu-

tion, which suit either would interfere with formation of CBA or was hybrid claim).

Nothing in *George v. Local Union No. 639, International Brotherhood of Teamsters*, 100 F.3d 1008 (1996), or *Communications Workers v. AT&T*, 10 F.3d 887 (1993), upon which MVM relies, is to the contrary. In the former case we held § 10(b) applicable to an employee's action solely against his union for breach of the DFR. 100 F.3d at 1014. That follows apodictically from *DelCostello*; § 10(b) supplies the limitation period for a hybrid claim precisely because a hybrid claim includes a DFR component. In *Communications Workers* we applied § 10(b) to a union's action to compel the arbitration of a grievance because, unlike a "pure[] breach of contract action[]" under § 301, 10 F.3d at 891-92 (alterations in original omitted), such a case implicates the federal policy favoring the speedy resolution of disputes pursuant to procedures set out in a CBA. *Id.* at 889-91. Aside from the Eleventh Circuit, which applied the state statute of limitations in *United Paperworks International v. ITT Rayonier, Inc.*, 931 F.2d 832 (1991), every court of appeals to have considered such a case has applied the limitation period in § 10(b) of the NLRA. *See Commc'n Workers*, 10 F.3d at 889 n.1 (collecting cases); *Local No. 88, United Food and Commercial Workers Union v. Middendorf Meat Co.*, 991 F.2d 801 (Table), 1993 WL 96905, at *2 (8th Cir. 1993); *see also Local 1422, Int'l Longshoremen's Ass'n v. S.C. Stevedores Ass'n*, 170 F.3d 407, 410 n.2 (4th Cir. 1999) (leaving issue open).

Finally, MVM seemed to suggest at oral argument that the National Labor Relations Board would have jurisdiction to entertain an unfair labor practice complaint upon the basis of the facts underlying Cephas's claims, but counsel was unable to say what unfair labor practice would be made out or why that should matter -- as are we. *See O'Hare v. Gen. Marine Transp. Corp.*,

740 F.2d 160, 168 (2d Cir. 1984) ("*DelCostello* ... turns on the particular nature of the [DFR] action, and cannot reasonably be expanded to all section 301 claims that involve facts which might also have established an unfair labor practice charge"); *Garcia*, 808 F.2d at 721 n.2 (same); *but see Cummings*, 36 F.3d at 506 (overlap with unfair labor practice relevant but not dispositive). In view of the incompleteness of MVM's argument, not to mention its untimeliness, we need not address whether a § 301 case based upon facts that also make out an unfair labor practice would require application of the statute of limitations in § 10(b) of the NLRA.

## III. Conclusion

Cephas brought an action for breach of a CBA, making no claim that could have been processed through the grievance procedure in that contract. His state law claim is completely preempted and recast as a claim arising under § 301, as to which the local statute of limitations for a breach of contract action, D.C. CODE § 12-301(7), is presumptively applicable. MVM having failed to overcome that presumption, we hold Cephas timely filed his action. Accordingly, we remand the case to the district court for further proceedings.

*So ordered.*