Sergio **TAPIA**, Plaintiff–Appellant,

v.

**LOCAL 11 HOTEL EMPLOYEES & RESTAURANT EMPLOYEES UNION, AFL–CIO; Century Plaza Hotel & Towers; Beverly Hilton Hotel, Defendants–Appellees.**

No. 00–55605.

D.C. No. CV–99–09922–FMC.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2001.\*

Decided June 6, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

942

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

MEMORANDUM **

Sergio Tapia appeals the dismissal of his action against Local 11 of the Hotel Workers Union (the Union), the Beverly Hilton Hotel, and the Century Plaza Hotel & Towers (collectively, the Hotels) asserting a hybrid duty of fair representation/ breach of collective bargaining agreement (CBA) claim under § 301 of the Labor Management Relations Act (LMRA). We affirm.

■ Tapia essentially concedes that the six-month statute of limitations is applica-

** This disposition is not appropriate for publication and may not be cited to or by the

ble but argues that the Hotels continue to violate the CBA and that the Union continues to violate its duty of fair representation. However, there is no "continuing violations" theory for hybrid claims. *Harper v. San Diego Transit Corp.*, 764 F.2d 663, 669 (9th Cir.1985) ("This continuing breach theory finds no support in the case law, and it contradicts one of the premises of the hybrid § 301 lawsuit."); *see also Local Lodge 1424 v. Nat'l Labor Relations Bd.*, 362 U.S. 411, 416–17, 80 S.Ct. 822, 4 L.Ed.2d 832 (1960).

■ Dismissal without leave to amend was proper because whatever claim he has against the Hotels is "inextricably interdependent" with the Union's breach of duty. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Because Tapia cannot state a timely claim against the Union, his claims against the company fail as well.

Finally, Tapia waived challenge to consideration of the Union's August 27, 1998 letter by not objecting in district court.

AFFIRMED.

courts of this circuit except as provided by 9th Cir. R. 36–3.