RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0371P (6th Cir.)
File Name: 01a0371p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

DONALD MARTIN,
        *Plaintiff-Appellant,*

        *v.*

LAKE COUNTY SEWER CO.,
INC.; BREWERY WORKERS,
BEER BOTTLERS AND SOFT
DRINK WORKERS' LOCAL
UNION NO. 1164,
        *Defendants-Appellees.*

No. 00-3716

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 00-00228—Paul R. Matia, Chief District Judge.

Argued: September 12, 2001

Decided and Filed: October 17, 2001

Before: DAUGHTREY and GILMAN, Circuit Judges;
COHN, District Judge.[*]

_____

[*]The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1

––––––––––––––––––

**COUNSEL**

**ARGUED:** Cynthia D. Lowenkamp, CYNTHIA D. LOWENKAMP CO. L.P.A., Richmond Heights, Ohio, for Appellant. John P. O'Donnell, LYONS & O'DONNELL, Painesville, Ohio, Joseph C. Hoffman, Jr., FAULKNER, MUSKOVITZ & PHILLIPS, Cleveland, Ohio, for Appellees. **ON BRIEF:** Cynthia D. Lowenkamp, CYNTHIA D. LOWENKAMP CO. L.P.A., Richmond Heights, Ohio, Neil Myers, NEIL MYERS COMPANY, Eastlake, Ohio, for Appellant. John P. O'Donnell, LYONS & O'DONNELL, Painesville, Ohio, George H. Faulkner, Joseph C. Hoffman, Jr., FAULKNER, MUSKOVITZ & PHILLIPS, Cleveland, Ohio, for Appellees.

––––––––––––––––––

**OPINION**

––––––––––––––––––

RONALD LEE GILMAN, Circuit Judge. Donald Martin, an employee of Lake County Sewer Co., Inc. (Lake) and a member of the Teamsters Union, was discharged in May of 1999 after failing to attend an instructional class that was required of all employees. Martin filed suit on January 25, 2000, alleging violations of the Fair Labor Standards Act (FLSA), the Labor Management Relations Act (LMRA), and the National Labor Relations Act (NLRA). The defendants moved to dismiss Martin's action as untimely, and the district court granted the motion. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

### A. Factual background

In evaluating an appeal from the granting of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, we must consider all of the plaintiff's factual

considered under the hybrid § 301 cause of action, and is therefore untimely. On the other hand, to the extent that this claim alleges bad-faith bargaining on behalf of Lake, this charge is indeed an unfair labor practice claim over which the NLRB has exclusive jurisdiction. It is unclear from the complaint or from Martin's brief which type of claim he is alleging. Nevertheless, either way, the count was appropriately dismissed.

The other count that the district court deemed to be an unfair labor practice charge was Count Five, which alleged that "the conduct of the Union amounts to direct and/or circumstantial evidence of lack of representation, perfunctory representation, arbitrary and in bad faith in violation of § 301 of the LMRA and in violation of the NLRA." Whether this claim constitutes an unfair labor practice over which the NLRB has exclusive jurisdiction is a closer case. The Supreme Court acknowledged the similarity of such claims in *DelCostello* when it declared that "[e]ven if not all breaches of the duty [of fair representation] are unfair labor practices, however, the family resemblance is undeniable, and indeed there is a substantial overlap." *DelCostello*, 462 U.S. at 170. Given this close relationship, and because Martin's complaint seems to be more concerned with the Union's failure to represent him as required under the CBA than with the Union's failure to fulfill its general obligations, this count is more appropriately viewed as part of the hybrid § 301 claim discussed above. Either way, this count is time-barred by the six-month statute of limitations.

### III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.

allegations as true. *Buchanan v. Apfel*, 249 F.3d 485, 488 (6th Cir. 2001). We have done so in setting forth the facts below.

According to Martin's complaint, he was employed by Lake as a T.V. and Grout Truck Operator from March 28, 1994 until May 1, 1999. Martin's unit was represented by the Brewery Workers, Beer Bottlers and Soft Drink Workers' Local Union No. 1164 of the Teamsters Union (Union), of which Martin was a member.

Beginning in 1997, Lake began engaging in conduct that Martin believed was questionable and potentially in conflict with the collective bargaining agreement (CBA). In March of 1997, for example, Lake began deducting an additional $25 per month from Martin's wages for insurance premiums. Lake's responses to Martin's inquiries about this withholding were inconsistent and unclear, and Lake refused to stop withholding this money even after Martin declared that he did not need additional insurance. Martin also alleges that he was not paid the prevailing wage and never received overtime pay on the frequent occasions when he worked more than 40 hours per week.

In addition, Lake unilaterally reduced Martin's wages and benefits in 1997 after an audit by the Department of Labor. The complaint fails to clarify how these changes came about, but Martin alleges that the Union was not involved in any bargaining for these alterations to the CBA. Martin further claims that when he asked the Union for copies of the resulting "New Labor Agreement," the document was not made available to him. In January of 1998, after a new union steward was appointed, Martin attempted to protest the reductions in benefits and pay, as well as the $25 monthly withholding, through the CBA grievance procedure. The Union, however, declined to pursue the grievances.

Martin also alleges that Lake treated him differently than other similarly-situated employees. All employees, for example, are required to obtain their commercial driver's license, but Martin was the only one who was required to rent

his own truck to take the test and was not paid for the day he took the examination.

On Saturday, May 1, 1999, Lake held a mandatory "Confined Space Entry Class" for its employees. Lake informed its employees in writing that late entry would not be allowed and that an employee would not be assigned further work if he or she failed to attend. Despite Martin's early arrival for the class, the instructor was more than an hour late. Martin left instead of waiting for the instructor to arrive. As a result of his nonattendance, Martin was removed from the following week's work schedule and discharged on May 5, 1999. Martin alleges that other employees who were late were not punished, and that some employees were excused from attending the class altogether. He also claims that, despite his repeated requests, the Union did not furnish Martin with a complete copy of the CBA until June 22, 1999.

Following his discharge, Martin filed suit against Lake in the Small Claims Court of Willoughby, Ohio, seeking approximately $775 in vacation pay. The small claims court found in favor of Lake on August 20, 1999. As a result, Martin alleges that he has still not been paid all of the wages that Lake owes him.

## B.    Procedural background

On January 25, 2000, Martin filed a six-count complaint in the United States District Court for the Northern District of Ohio. Lake and the Union filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Martin's claim was time-barred. The district court dismissed the complaint, reasoning that it lacked jurisdiction over two of Martin's claims and that his other claims were barred by a six-month statute of limitations. Martin now appeals, arguing that his complaint was timely because a longer statute of limitations applies.

The Third Circuit, when faced with a similar issue regarding the appropriate limitations period to apply when an FLSA claim is alleged in the same complaint as a hybrid § 301 claim, held that "while claims resting on the language of section 7(a) [of the FLSA] are clearly cognizable under that section, we believe that claims which rest on interpretations of the underlying collective bargaining agreement must be resolved pursuant to the procedures contemplated under the LMRA . . . ." *Vadino v. A. Valley Eng'rs*, 903 F.2d 253, 266 (3d Cir. 1990). This holding appears to us to be a reasonable accommodation of both statutory schemes where the analysis of a wage claim requires an interpretation of the underlying CBA. Accordingly, we affirm the district court's conclusion that Martin's purported FLSA claim is also governed by the six-month statute of limitations that applies to the rest of his hybrid § 301 cause of action.

## C.    The district court correctly dismissed those claims that constitute charges of an unfair labor practice

The district court concluded that Count Three, alleging unilateral changes in the CBA by Lake, and Count Five, alleging the Union's failure to represent Martin in good faith, were actually unfair labor practice charges. Because the NLRB has exclusive jurisdiction over all claims of unfair labor practices, *NLRB v. Ky. May Coal Co., Inc.*, 89 F.3d 1235, 1239-40 (6th Cir. 1996), the district court dismissed those counts.

Although the statutory basis of Count Three is unclear (Martin cites a statute that does not exist—§ 8(5) of the LMRA), we will assume that this third count was brought pursuant to § 8(a)(5) of the LMRA, which prohibits an employer from refusing "to bargain collectively with the representatives of his employees, subject to the provisions of section 159(a) of this title." 29 U.S.C. § 158(a)(5). This claim suggests contractual violations that affected Martin personally, as well as unfair bargaining practices by Lake. To the extent that Martin intended this claim to address alleged entitlements under the CBA, Count Three is appropriately

reluctance to pursue his many grievances against Lake in the past. Accordingly, we conclude that Martin's cause of action accrued no later than June 22, 1999.

Martin, however, argues that the statute of limitations was tolled until his small claims court lawsuit against Lake was decided on August 25, 1999. According to Martin, he filed his state court case at the suggestion of the Department of Labor in order to recover vacation pay. But the record is silent as to the relationship, if any, between the claims filed in state court and the hybrid claims at issue here. Martin also cites no authority to support his contention that the small claims court lawsuit should toll the statute of limitations on his federal cause of action. We thus find no merit in his tolling argument.

In conclusion, Martin should have discovered that he had a cause of action against Lake and the Union no later than June 22, 1999. Because the state-court proceeding did not toll the statute of limitations, the six-month limitation period ended on December 22, 1999. Martin did not file his complaint until January 25, 2000. The district court therefore committed no error when it dismissed Martin's complaint as untimely filed.

**B.    Martin's Fair Labor Standards Act claim is controlled by the § 301 statute of limitations**

Count Six of Martin's complaint alleges that Lake violated § 16(b) of the FLSA, which makes employers liable for unpaid wages pursuant to § 6 and § 7 of the FLSA. 29 U.S.C. § 216(b). Martin argues that this cause of action is distinct from his § 301 claim, and is therefore controlled by a two-year statute of limitations. 29 U.S.C. § 255 (establishing a two-year statute of limitations for FLSA claims). Martin's complaint alleges that he "was entitled to receive from Lake an hourly wage pursuant to Article 6 of Agreement attached . . . . In breach and violation of the Agreement, Lake did not pay plaintiff according to the Agreement." Although Martin alleges violations of the FLSA, these claims rely on an interpretation of the terms of the underlying CBA.

## II.  ANALYSIS

**A.    Martin's counts constituting a hybrid § 301 complaint are time-barred under the controlling six-month statute of limitations**

This court reviews de novo a district court's conclusion that a plaintiff has failed to meet a statute of limitations. *Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir. 1999). Martin's complaint alleges that Lake breached its obligations to him under the CBA, and that the Union violated its duty of fair representation owed to Martin, all in violation of § 301 of the LMRA. The Supreme Court has described such a lawsuit as a "hybrid § 301/ fair representation claim," which

> comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective-bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Yet the two claims are inextricably interdependent. To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.

*DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983) (internal citations and quotation marks omitted) (internal brackets in original).

In *DelCostello*, the Court adopted the six-month statute of limitations found in § 10(b) of the NLRA, 29 U.S.C. § 160(b) (imposing a six-month statute of limitations on all unfair labor practice charges filed with the National Labor Relations Board), for all hybrid § 301 cases that implicate concerns similar to those that are at stake in unfair labor practice charges brought under the NLRA. *DelCostello*, 462 U.S. at 169. Specifically, those concerns include "the rapid resolution of collective bargaining disputes between the employer and employees." *Woosley v. AVCO Corp.*, 944 F.2d

313, 318 (6th Cir. 1991). The *DelCostello* Court also described these concerns as follows:

In § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system. That is precisely the balance at issue in this case. The employee's interest in setting aside the final and binding determination of a grievance through the method established by the collective-bargaining agreement unquestionably implicates those consensual processes that federal labor law is chiefly designed to promote—the formation of the . . . agreement and the private settlement of disputes under it. . . . Accordingly, [t]he need for uniformity among procedures followed for similar claims . . . as well as the clear congressional indication of the proper balance between the interests at stake, counsels the adoption of § 10(b) of the NLRA as the appropriate limitations period for lawsuits such as this.

*DelCostello*, 462 U.S. at 171 (internal citations and quotation marks omitted). Based on these considerations, this court has adopted the general rule that "[a] six-month statute of limitations should apply . . . where the plaintiff [sic] claims are brought under the Agreement and involve the question of entitlement for employment under a collective bargaining agreement." *Woosley*, 944 F.2d at 318.

Martin's hybrid claims lie at the core of his alleged "entitlement to employment." He argues that he was wrongfully discharged, that Lake discriminated against him, and that the Union violated its duty of fair representation when it failed to pursue a grievance based on Lake's allegedly wrongful conduct. Thus, under *Woosley*, these causes of action must be brought pursuant to the six-month statute of limitations codified in § 10(b) of the NLRA.

Martin, however, argues that Ohio's personal-injury statute of limitations should apply, pursuant to the Supreme Court's ruling in *Reed v. United Transportation Union*, 488 U.S. 319 (1989). The Supreme Court decided in *Reed* that claims brought pursuant to the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(2) (a statute prohibiting the interference with a union member's right to free speech), are governed by state statutes of limitation. *Reed*, 488 U.S. at 323; *see also Allgood v. Elyria United Methodist Home*, 904 F.2d 373, 378 (6th Cir. 1990) ("In light of the Supreme Court's decision in *Reed*, we also find that section 101(a)(1) claims are more appropriately governed by the state residual personal injury statute of limitations. The Ohio residual personal injury statute of limitations is two years.").

Although Martin is correct that a two-year limitations period would apply if this case had been brought under the LMRDA, he did not plead this statute in his complaint. Despite a rather contorted argument that the usage of "*et seq.*" following his citation to the NLRA incorporated the LMRDA in his complaint, the district court did not err in concluding that this statute was not appropriately pled. The failure to plead the LMRDA, moreover, was not an inadvertent omission; rather, there are simply no facts alleged in the complaint that come within the scope of that statute.

Martin, therefore, had to file his complaint within six months after his cause of action accrued in order for it to be timely. To determine when a duty of fair representation claim has accrued, this court looks into "when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action." *Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers of Am.*, 83 F.3d 747, 757 (6th Cir. 1996). Martin alleges that the Union failed to supply him with a complete copy of the CBA until June 22, 1999. By this time, Martin had been out of work for almost two months. He should have been aware by then that the Union was not going to file a grievance on his behalf, especially given the Union's alleged