**Robert A. POTTS, Plaintiff–Appellant,**

v.

**Glen WILSON, Defendant–Appellee.**

No. 02–3591.

United States Court of Appeals, Sixth Circuit.

Dec. 17, 2002.

Before MERRITT and DAUGHTREY, Circuit Judges; and RUSSELL, District Judge.*

## ORDER

Robert A. Potts appeals pro se from a district court judgment that dismissed his action, which was construed under the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141–187. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, we unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Potts filed his complaint on October 18, 2001, primarily alleging that his supervisor at a K–Mart Distribution Center had made an improper misconduct report against him, which resulted in Potts's suspension, a loss of earnings, and emotional distress. Potts does not dispute the district court's description of the circumstances of the defendant's alleged slander:

> [A]fter defendant confronted plaintiff for dumping food into and clogging a sink, defendant reported that plaintiff threatened him, used abusive language and made an offensive gesture. An initial investigation substantiated the misconduct and on October 19, 2000, a "Notice of Correction" was issued and plaintiff was suspended pending further investigation. On October 26, 2000, a "Letter of Agreement" was issued wherein a settlement was reached between plaintiff, [his union and K–Mart].

The Letter of Agreement indicated that Potts would return to work, that there had been just cause for the Notice of Correction, and that the agreement was a full and final settlement of the matter.

The defendant filed a timely answer to the complaint and a petition to remove the action to federal court on November 21, 2001. *See* 28 U.S.C. § 1446(b). Nevertheless, Potts filed a motion for a default judgment, which was denied on April 11, 2002. The district court dismissed the case on May 2, 2002, because it had not been timely filed within the applicable limitations period. It is from this judgment that Potts now appeals.

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

A *de novo* review of the record indicates that Potts's defamation claim was preempted by § 301 of the LMRA, as the proof of this claim required an interpretation of the collective bargaining agreement and the parties' relationship under that agreement. *See Martin v. Lake County Sewer Co., Inc.*, 269 F.3d 673, 679 (6th Cir.2001); *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216–17 (6th Cir.1994). Hence, the district court properly applied a six-month limitations period to Potts's claim. *See DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 169, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

The complaint plainly indicates that Potts's claim accrued on October 19, 2000, when he was confronted with the defendant's charges. However, Potts did not file his complaint until October 18, 2001, almost six months after the limitations period had expired. Therefore, the district court properly determined that his claim was barred by the applicable statute of limitations. *See id.* at 172; *Martin*, 269 F.3d at 677–79.

Potts has not raised any persuasive challenge to the district court's finding that his complaint was time-barred. Instead, he primarily argues that the court should have granted his motion for a default judgment. However, the court did not abuse its discretion by denying this motion because the defendant's answer was timely filed under Fed.R.Civ.P. 81(c). Indeed, the answer was filed several months before Potts moved for a default judgment in the district court. Potts's arguments to the contrary are all unavailing.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.