Scherry L. **PEREZ,** et al., Plaintiff,

v.

**ROADWAY EXPRESS,
INC.,** Defendant.

No. 3:02 CV 7346.

United States District Court,
N.D. Ohio,
Western Division.

Sept. 12, 2003.

Dawn T. Christen, John M. Roca, Gallon & Takacs, Toledo, OH, Ashley M. Manfull, Buckingham, Doolittle & Burroughs, Akron, OH, for Defendant.

## MEMORANDUM OPINION

KATZ, District Judge.

Pending before the Court are Defendant Unions' Motion for Summary Judgment (Doc. No. 16), Defendant Roadway's Motion for Summary Judgment (Doc. No. 19) and Plaintiffs' Motion for Relief From Stay (Doc. No. 24). For the following reasons, the Court will deny Plaintiffs' motion and grant Defendants' motions.

## I. BACKGROUND

Plaintiffs Scherry Perez and Christine Garrett, proceeding pro se, were employed by Defendant Roadway Express, Inc. ("Roadway") as dockworkers when laid off in January 14, 2001. Both filed grievances with Defendant Unions, asserting that they should have been afforded greater seniority, which would have protected their jobs. After pursuing administrative remedies, Plaintiffs filed the instant action asserting claims of fraud in the inducement, breach of contract, and breach of fiduciary duty.

Upon being informed by Defendants that the claims would likely be dismissed due to the statute of limitations, the Court stayed further discovery and instructed the parties to brief the issue. Defendants have moved for summary judgment on all claims. Plaintiffs have moved for relief from the stay on the basis that they require further discovery.

## II. DISCUSSION

### A. Section 301 Preemption

■ Defendants argue first that the Plaintiffs' claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and second, based on the § 301 six month statute of limitations, Plaintiffs' claims are untimely. The preemption issue is so well established that the Court need not linger over the parties' discussion. Plaintiffs' claims, although alleged as strictly state law claims, comprise the classic § 301 hybrid claim of breach of contract, i.e., collective bargaining agreement ("CBA") against an employer/breach of duty of fair representation against a union. See Garrison v. Cassens Transp. Co., 334 F.3d 528 (6th Cir.2003). These types of claims are uniformly regarded as falling within the ambit of § 301 preemption. Northwestern Ohio Adm'rs, Inc. v. Walcher & Fox, Inc., 270 F.3d 1018, 1030 (6th Cir.2002) (explaining that "[s]ince federal law is the exclusive law used to interpret the duties and obligations contained within collective bargaining agreements, any state law claim that is not independent of rights established by an agreement, and that is 'inextricably intertwined' with a determination of the meaning of the terms of an agreement, is preempted by section 301").

Although Plaintiffs argue that their state law fraud claim is not preempted,[1] it is clear the resolution of this claim requires reference to and is dependent upon the terms of the collective bargaining agreement ("CBA"). As noted by Defen-

---

1. Plaintiffs assert that certain officials promised Plaintiffs that if they switched job positions that they would not lose their seniority. In reliance upon these promises, Plaintiffs accepted a job change, and then later were denied the seniority to which they claim they are entitled to under the CBA.

dants, one can determine the reasonable reliance prong of the fraudulent inducement claim only by reference to the terms of the collective bargaining agreement, and the rights asserted by Plaintiff in reference to this claim arise only by virtue of the terms of that agreement. While not all fraudulent inducement claims are necessarily preempted under § 301, the Court finds that the claim stated by Plaintiffs is preempted because resolution of the claim requires reference to and interpretation of the collective bargaining agreement. *See id.* (explaining that "any time a state cause of action requires the interpretation of a collective bargaining agreement, or invokes rights that are not independent of the agreement, section 301 preempts the claim").

### B. Statute of Limitations

■■■ Section 10(b) of the National Labor Relations Act ("NLRA") provides in relevant part "that no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board." 29 U.S.C. § 160(b). This statute of limitations is borrowed from and applies to breach of collective bargaining agreement claims against employers as well as fair representation claims against unions. *See DelCostello v. Int'l Bhd. Of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *see also Martin v. Lake County Sewer Co.,* 269 F.3d 673 (6th Cir.2001). To determine when a cause of action accrues, the court is to look at " 'when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action.' " *Martin,* 269 F.3d at 678–79 (quoting *Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers of Am.,* 83 F.3d 747, 757 (6th Cir.1996)). "The determination of the accrual date is an objective one: 'the asserted actual knowledge of the plaintiffs is not determinative if they did not act as reason-

able persons and, in effect, closed their eyes to evident and objective facts concerning the accrual of their right to sue.' " *Noble v. Chrysler Motors Corp.,* 32 F.3d 997, 1000 (6th Cir.1994) (quoting *Chrysler Workers Ass'n v. Chrysler Corp.,* 834 F.2d 573, 579 (6th Cir.1987)). "[A] hybrid § 301 action accrues against the company when it accrues against the union." *Moore v. United Auto. Aerospace, Agric. Implement Workers of Am. Int'l Union Local 598,* 33 Fed.Appx. 165 (6th Cir.2002) (citing *Fox v. Parker Hannifin Corp.,* 914 F.2d 795, 803 (6th Cir.1990)).

As set forth in the record, Plaintiffs were laid off January 14, 2001. On April 9, 2001 Plaintiffs sent a letter to the Teamsters Local representative stating that they were "very unhappy with the lack of urgency or interest the union is showing on our behalf re: seniority issues at Roadway Express." Roadway's Reply at 4. After several grievance hearings, the Toledo Local Grievance Committee determined on July 13, 2001 that Plaintiffs' layoffs were not a violations of the CBA. On May 3, 2001 Garrett filed an unfair labor practice charge against Teamsters Local 20 with the National Labor Relations Board ("NLRB"). On July 12, 2001 Perez filed a similar charge. On September 18, 2001 the NLRB dismissed Perez's charge, which she appealed. The appeal was denied via letter dated November 28, 2001. Garrett's charge was also dismissed and appealed. In relation to the unfair labor practice charge, Garrett also filed an unlawful employment practice claim with Ohio Civil Rights Commission ("OCRC"), but withdrew the charge in June 2001. The instant suit was filed August 13, 2002.

■■ Garrett asserts that the facts giving rise to her claim were not known to her until February 15, 2002 when the NLRB issued a letter denying her appeal. This argument is not well taken. First,

the Supreme Court has determined that unfair labor practice charges before the NLRB are independent of unfair representation claims. *See Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). "An unfair representation claim is wholly independent of any unfair labor practice charge before the NLRB." *Adkins v. Int'l Union of Elec., Radio & Mach. Workers*, 769 F.2d 330, 335 (6th Cir.1985). "An NLRB filing, therefore, does not toll or prevent the accrual of an unfair representation claim." *Id.* Moreover, it is clear based on the chronology set forth above, particularly in light of the April 9, 2001 letter, that Plaintiffs were aware of the facts giving rise to the instant claims well before the February 2002 NLRB letter, and more than six months prior to August 13, 2002, when this action was filed.

■ Plaintiffs also argue that their claim is a continuing violation, thus saving them from the limitations period. Plaintiffs assert that the Union still refuses to represent them and that Roadway is still not honoring their seniority. Based on this theory, Plaintiffs have also moved for a relief from this Court's prior order staying discovery pending disposition of the statute of limitations issue. Upon review of the record, the Court concludes that under the rationale set forth in those cases applying the continuing violation theory to hybrid claims,[2] Plaintiffs' claims are not a type that saves them from the statute of limitations. *See Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1001 (6th Cir.1994) (firing of plaintiff based on seniority during limitations period was not continuing violation of its earlier, allegedly wrongful, denial of plaintiff's seniority status); *see also Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910 (7th Cir.1999) ("there is no

continuing violation sufficient to delay the statute of limitations if the conduct within the six month period is only unlawful in light of conduct outside of the six month period"); *Dasgupta v. Univ. of Wis. Bd. of Regents*, 121 F.3d 1138, 1140 (7th Cir.1997) (in Title VII case, distinguishing between continuing unlawful acts and the lingering effect of an unlawful act, with only the former establishing a continuing violation).

■ Plaintiffs also appear to make an equitable tolling argument, asserting that the limitations period should not preclude their claims due to certain misrepresentations made by the Defendants during the grievance process. "In order to support an equitable tolling, plaintiffs must prove that the defendants fraudulently concealed the fact that their seniority dispute was no longer being pursued." *Noble*, 32 F.3d at 1001. This is not the claim made by Plaintiffs. Instead, their arguments go to misrepresentations relevant only to the substance of their claims, and thus do not support a finding of equitable tolling.

■ Regarding the motion for relief from stay, the materials that Plaintiffs seeks through further discovery have no bearing on the limitations period, but rather on the substance of their claims. Therefore, the Court finds no basis on which to vacate the stay.

### III. CONCLUSION

Based on the foregoing, the Court will deny Plaintiffs' Motion for Relief From Stay (Doc. No. 24). The Court will grant Defendant Unions' Motion for Summary Judgment (Doc. No. 16) and Defendant Roadway's Motion for Summary Judgment (Doc. No. 19).

---

**2.** At least one Circuit has concluded that this theory is inapplicable to § 301 hybrid claims. *See Tapia v. Local 11 Hotel Employees & Rest. Employees Union*, 11 Fed.Appx. 941 (9th Cir.

2001) ("there is no 'continuing violations' theory for hybrid claims") (citing *Int'l Ass'n of Machinists v. NLRB*, 362 U.S. 411, 416–17, 80 S.Ct. 822, 4 L.Ed.2d 832 (1960)).